**Guy F. DAVIS, Appellant,**

v.

**The CITY OF SAN ANGELO, Appellee.**

No. 4220.

Court of Civil Appeals of Texas.

Waco.

March 19, 1964.

Motion for Rehearing Dismissed
April 9, 1964.

Otho Crawford, San Angelo, for appellant.

Edward P. Bolding, San Angelo, for appellee.

WILSON, Justice.

Appellant sued the City for the value of two buildings which he had erected, as tenant, on land owned by the City's vendor. He alleged the City had, in effect, "removed and destroyed the value of the buildings." In a non-jury trial a take-nothing judgment was rendered. We affirm.

The following are unchallenged findings or undisputed facts: The City acquired by deed a tract of land from appellant's landlord on which were two buildings owned by appellant, erected by him on the land with his landlord's consent. Until the conveyance to the City, appellant had orally rented the land from the City's vendor as a tenant from month-to-month at a monthly cash rental. The City gave appellant written notice to vacate immediately after its purchase of the land in January, 1963. Thereafter the City received no rent. In April, 1963 appellant and the City entered into a written agreement that appellant would vacate the buildings not later than May 10, 1963; that the City was given permission to remove the buildings from the land at no cost to appellant; that vacating of the buildings would not constitute an estoppel against, or a waiver or abandonment of claims by appellant, "except for the actual physical wrecking of the said buildings." The buildings were of masonry and stone construction and could not be moved without being razed. Appellant vacated the buildings May 10, 1963, and they were torn down in June at the City's expense.

Appellant testified that under his oral rental agreement with the City's vendor, his landlord had "no claim on the improvements", and if appellant "wanted to move the improvements off, he could." He made the improvements on the landlord's land

"knowing that these buildings could not be moved" without being demolished. He testified his oral agreement with his landlord was that when the rental agreement terminated, "if we couldn't come to some agreement, well, the buildings were still mine; I could move them off, see."

The effect of appellant's points 2 and 3, as we understand them and the argument thereunder, is that he is entitled to damages for the value of the improvements he placed on the land purchased by the City, because the City, though not having sought to condemn, is in the position of a condemnor by virtue of using the land for street purposes; or that the City is liable for taking, damaging, destroying for, or applying his property to public use without compensation.

Appellant does not sue for the City's failure to permit him to remove the improvements. He concedes they could not be removed intact. He does not sue for conversion of the materials. He does not sue for wrongful termination of his tenancy. He admits it was properly terminated. He had ample notice and time for removal. To be sure, he had the right to remove the buildings. Instead he gave the City written authority to remove them for him without cost to himself, waiving and abandoning any claim for the "physical wrecking" of the buildings.

Appellant has shown no cause of action against the City. He suffered no compensable injury. If appellant's lessor (the City's vendor) had elected not to continue appellant's tenancy by the month and had notified the tenant to remove the improvements, appellant would have had no cause of action against his lessor for the value of the buildings, which appellant would have had a reasonable time to remove. Wright v. Macdonell, 88 Tex. 140, 30 S.W. 907. If, instead of removing the buildings himself, the tenant had thereupon contracted for the landlord to do so without cost to the tenant, no cause of action for removal would exist. The tenant would have suffered no compensable damage. The City, as the landlord's vendee under its deed, obviously assumed the same relationship to appellant previously borne by its vendor. The fact that the City proposes to use for street purposes the land it acquired under a voluntary sale does not alter that status. There is no compensable taking, damaging, destruction or application of appellant's property to public use.

Another point concerning admissibility of evidence is immaterial.

Affirmed.