**FORT WORTH CONCRETE COMPANY,**
Appellant,

v.

**The STATE of Texas et al., Appellees.**

No. 16635.

Court of Civil Appeals of Texas.

Fort Worth.

May 21, 1965.

Rehearing Denied June 25, 1965.

Simon & Simon, and Henry W. Simon, Fort Worth, for appellant.

Brown, Herman, Scott & Young, and Richard E. Miles, Fort Worth, for appellees State of Texas and Tarrant County, Texas.

Pannell, Dean, Pannell & Kerry, and Beale Dean, Fort Worth, for appellees E. F. Abbott, et ux., and E. E. Newman, et ux.

LANGDON, Justice.

This is an appeal from an order of dismissal in a condemnation proceeding. For convenience the parties will be designated as follows: Fort Worth Concrete Company as "appellant"; E. F. Abbott and wife Eula, E. E. Newman and wife Ida as "Abbott and Newman", and the State of Texas and Tarrant County as "appellees".

The appellees sought to acquire 9.889 acres of land in Tarrant County for highway purposes. Abbott and Newman, the appellant, and some taxing authorities who later filed disclaimers, were alleged to be the owners of the property. Following a

hearing before special commissioners an award of $15,000 was made and the amount deposited in the registry of the Court by appellees. Objections to the award were filed by Abbott and Newman and the appellant.

Thereafter the Court in response to appellees' petition granted them possession of the property and ordered appellant's personal property to be removed therefrom. The appellees then filed a motion for a nonsuit as to the appellant and the latter filed its answer. Following a hearing on the motion the Court entered its order on December 14, 1964, granting the nonsuit and dismissing the appellant from the case.

After the order was signed the appellant requested the Court for permission to read its pleadings to the jury and to participate in the trial by presenting evidence in support of its pleadings. The Court refused the request stating that appellant had been completely out of the case since announcement of its ruling on December 11, 1964 granting the nonsuit and dismissal.

A jury trial was had between the parties remaining in the proceedings. The single issue submitted was the reasonable market value of the 9.889 acre tract of land on June 19, 1964 exclusive of all improvements, and subject to the month to month lease with appellant. The jury answered $35,000. On the basis of this finding, Abbott and Newman recovered judgment against appellees in the amount of $35,600, including interest. The Court ordered that such judgment be partially satisfied by payment to Abbott and Newman of the $15,000 on deposit.

Appellant appealed from the order dismissing it from the case and that portion of the judgment ordering the $15,000 deposit paid to Abbott and Newman.

Appellant contends that the Court erred in dismissing it because (1) appellees having secured possession of the property and with no intention of abandonment had reached the "point of no return"; (2) such action was manifestly unjust and prejudicial; (3) appellant's filing of objections to the award was in effect the institution of a law suit by it and the County Court at Law had the sole and exclusive jurisdiction to hear such suit and determine all issues therein; and (4) the appellees' filing of the statement seeking condemnation naming it as a party was an admission of its interest which appellees were now estopped to deny and the Court had no jurisdiction to decide or to assume that appellant had no title.

By its fifth and final point the appellant contends that the portion of the judgment ordering withdrawal of the $15,000 deposit and its payment to Abbott and Newman denied to it the security guaranteed by Art. 1, § 17 of the Texas Constitution, Vernon's Ann.St. We affirm.

Since the record is limited to the testimony and exhibits presented on the motion for nonsuit and dismissal of the appellant, the only question presented on this appeal is the propriety of the Court's order of dismissal.

Prior to June 19, 1964, the appellant was in possession and occupied the 9.889 acre tract under a lease agreement which expired in January, 1963. An option for an additional two years was never exercised. It is stipulated that appellant occupied the premises on a month to month basis after January, 1963. All rentals had been paid to some period in June, 1964. There is no evidence that any rentals were paid by appellant to anyone thereafter, although under the evidence the property was used and occupied by the appellant until sometime in October of 1964.

A brick veneer building, a wash or batch plant, a railroad spur track, and a tin building were located on the property. These improvements were the exclusive property of appellant under the terms and provisions of the original lease agreement. Abbott and Newman had no interest therein. At some time prior to June 19, 1964, the brick veneer building was vacated by appellant. Preston M. Carter, appellant's Vice President-General Manager, testified that his

company was in possession of the brick office building on June 19, 1964, but was not using it. That in contemplation of the condemnation suit the appellant built a new office at another location and had moved into it. The appellant was likewise in possession of all remaining improvements on June 19, 1964, and used or operated same until some time during the month of October, 1964, at which time it removed all improvements from the property except the brick veneer office building. During the interval between June 19, 1964, and October, 1964, someone had stripped the brick veneer building down to the four bare walls. The record is silent as to who stripped the building.

Roy Stanley, manager of appellant's land department, testified—that before the expiration of the first two year term he called Abbott on the telephone and said, " 'Slick, this lease is going to be up on the 2d, what do we want to do about it' ? He said, 'Well, keep on paying the rent until the highway department runs you off, it's all right with me if it's all right with you.' And I said, 'Well, it's sure all right with me.' So, from that point on we just figured we had a lease on it till the highway department come in there and moved us off. * * * I told him we wanted to stay on there until we got run off."

It appears from this testimony that appellant considered its lease and any rights under it would be terminated as of the time the appellee entered upon the property and moved them off.

The State Highway Department notified the appellant by letter dated June 19, 1964, that the amount of $15,000 had been deposited in the registry of the Court and that, "The depositing of this award entitles the State of Texas to possession of this land; therefore, we respectfully demand that you have all the improvements on this property belonging to (appellants) * * * removed from this property on or before July 20, 1964." On June 24, 1964, Abbott and Newman filed their objections to the award

of the special commissioners and appellant filed its objections on July 1, 1964, and on the same date requested the Highway Department to designate the improvements to be removed. The latter by its letter of July 8, 1964, informed appellant's counsel it expected appellant to remove all of its property. Thereafter on July 22, 1964, the appellees filed their petition for a writ of possession and for the right to remove all improvements from the property. The trial court entered its order granting possession and ordering the appellant's personal property be removed.

■■■ "In the absence of a special stipulation to the contrary, fixtures placed upon the demised premises by the tenant are personal property, subject, however, to become parts of the realty, if not removed by him during the time allowed him by law for their removal. By agreement they may become the property of the landlord, subject only to the lease; or they may be made personalty, and, as between the landlord and tenant, the absolute property of the latter." Wright v. Macdonell, 30 S.W. 907, (Supreme Court of Texas, 1895) ; Davis v. City of San Angelo, 376 S.W.2d 949 (Waco Civ.App., 1964, no writ history).

It is not clear from this record that the appellant had any interest, leasehold or otherwise, in the property sought to be condemned. Its original lease had expired. The option to renew was not exercised. While it was stipulated that appellant had a month to month tenancy, there was no testimony as to dates of commencement or termination. It could be assumed that the lease expired on June 2 in view of the conversation Stanley had with Abbott stating the lease is going to be up on the 2nd, coupled with the fact that appellant had constructed a new office building and moved into it sometime prior to June 19, 1964.

Under this record appellant paid no rentals after June of 1964, although it occupied and used the premises until sometime during October, at which time it removed the tin building, spur railroad tracks

and batch plant. It had the privilege of removing the brick building.

The appellant contends that the right of dismissal should not be exercised by the court in a condemnation proceeding to the prejudice of the party dismissed and relies upon the holding in Brazos R. Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842 (1943); Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953 (1952), among other authorities.

The Supreme Court in Lower Nueces River Water Supply Dist. v. Cartwright, 160 Tex. 239, 328 S.W.2d 752 (1959), also cited by appellant, discussed the holdings in the Janes and Allen cases, supra, and held that a party dismissed from a condemnation case has not been prejudiced until or unless the condemnor attempts by such dismissal to avoid an award of damages favorable to the party dismissed and thereby allow the condemnor to try the issue of damages until it obtained an award acceptable to it. The court then stated that, "The 'prejudice' referred to in the cited cases is not the advantage or disadvantage, however one may view it, of having damages determined by special commissioners as compared with a district court jury. * * * It is our conclusion that all issues, including those relating to compensation, may properly be determined in the District Court in accordance with the provisions of Article 3269, and the respondents' rights will in no wise be prejudiced by this action."

No award favorable to appellant had been made when it was dismissed. Abbott and Newman recovered the sum of $35,000 plus interest after a jury trial and appellant claimed it was entitled to $130,000 over and above any amount due Abbott and Newman.

The record reflects that even before commencement of eminent domain proceedings the appellee contended that appellant had no interest in the 9.889 acres of land owned by Abbott and Newman or any other interest for consideration in such proceedings.

█ The appellee in filing its condemnation suit named all parties with a possible interest in the land sought to be condemned. Two of the parties filed disclaimers. Appellees later determined and the Court agreed that the appellant had no interest. The filing of the application is not forever binding on the appellees. The application stands as an admission of title or interest therein only so long as it is not withdrawn. If the right of dismissal may be exercised without prejudice to the condemnee, then such right exists. When exercised it operates to remove all admissions as to title which are inferred from and incident to the filing of an application for the appointment of Special Commissioners under Art. 5264, Vernon's Ann.Tex.Civ.St.; Lower Nueces River Water Supply Dist. v. Cartwright, supra.

From the briefs it is reflected that the following matters represent a portion of the issues in dispute between the appellees and the appellant at the time the Court entered its order of dismissal: whether the appellant had any character of lease, and if so, had it terminated and when; did appellant have a claim for loss of profits; were the improvements personalty or realty; was appellant entitled to recover for any or all of the improvements; who stripped the brick veneer office building to its bare walls. These and many other questions must be resolved to determine whether appellant has any compensable interest under the facts. "* * * it would seem that as a practical matter a larger and more suitable arena was called for." Lower Nueces River Water Supply Dist. v. Cartwright, supra.

"As a matter of fact the district court, a judicial tribunal, is the proper place to try serious offenses and complicated lawsuits. It is to be preferred as a practical matter over the administrative process

which is primarily designed for conciliation and settlement purposes, rather than litigation. In fact, it seems somewhat anomalous to contend that one is prejudiced for the sole and only reason that his remedy against wrong lies with the District Court, which under our Constitution, is the principal court of original jurisdiction." Art. 5, § 8, Texas Constitution, V.A.T.S.; Lower Nueces River Water Supply Dist. v. Cartwright, supra.

The rights, if any, of the appellant to recover damages against the State will not be affected in any way by the payment of the $15,000 deposit to Abbott and Newman in partial satisfaction of their judgment. In our opinion the appellant's bond superseding the Court's order authorizing the clerk to pay the $15,000 deposit to Abbott and Newman was posted in violation of Art. 3268, V.A.T.S. The appellant has no interest in the judgment awarded to Abbott and Newman. It was not a party to the suit at the time of trial or as of the date judgment was entered. Its rights were not concluded by the trial between appellee and Abbott and Newman nor affected by the judgment in such case. No apportionment of the judgment awarded Abbott and Newman is involved. Appellant claims no interest therein and admits that the verdict of the jury and the judgment based thereon was confined solely to the elements of damage which pertained exclusively to Abbott and Newman.

Since by its action the appellant prevented Abbott and Newman from receiving the $15,000 deposit to which they were entitled under the Court's judgment, the appellant and its sureties on the supersedeas bond are herewith ordered to pay 6% interest on the $15,000 award for the period beginning December 31, 1964, the date the notice of appeal and supersedeas bond were filed to the date such award is paid by the clerk to Abbott and Newman.

All points of error are overruled and the judgment of the trial court affirmed.