**FORT WORTH CONCRETE COMPANY,**
Appellant,

v.

**The STATE of Texas et al., Appellees.**

**No. 16834.**

Court of Civil Appeals of Texas.

Fort Worth.

June 2, 1967.

Rehearing Denied June 30, 1967.

Simon & Simon, and Henry W. Simon, Fort Worth, for appellant.

Brown, Herman, Scott, Young & Dean, and Richard E. Miles, Fort Worth, for appellees.

## OPINION

LANGDON, Justice.

This is the second appeal of this case. It originated in the County Court at Law, Tarrant County, Texas. The opinion of this Court on the first appeal is reported in 391 S.W.2d 818. By writ of error the first appeal reached the Supreme Court. It reversed the judgments of the trial court and of this Court and remanded the case to the trial court "with instructions to set aside the order dismissing petitioner and to proceed to a new trial." 400 S.W.2d 314. Reference is made to the opinions of this court and of the Supreme Court for a more detailed statement of the nature and result of the case. For the purpose of this opinion the statement is summarized as follows:

This is a condemnation proceeding. Appellant, a party to the condemnation, was in possession of all of the real property condemned, under a valid lease, on the date the condemnation proceeding was initiated and on June 19, 1964, the day of taking and owned all of the permanent improvements affixed to the real estate at such times. On the motion of appellees, contending that appellant "has at no time during the pendency of this suit owned any interest in the real estate sought to be condemned" the appellant was dismissed from the case by order of the court. The case was tried to the jury on the merits. Appellant was not permitted to participate in the trial. The jury found that $35,000.00 was the reasonable market value of the land on the day of taking, "exclusive of all improvements,

and subject to the month to month lease with Fort Worth Concrete Company." Based upon this finding, a final judgment was entered directing the County Clerk of Tarrant County (in partial payment of the $35,000.00 judgment) "to deliver and pay to said defendants (the other condemnees) * * * the sum of $15,000.00 deposited herein on June 19, 1964." Appellant appealed both from the judgment dismissing it from the case and refusing to allow it to present evidence of damages due to condemnation and from the judgment directing that the $15,000.00 in the registry of the court be paid to the other condemnees.

The Supreme Court held that the trial court had no authority to award the deposit or any portion thereof to the other condemnees to the exclusion of appellant, until there had been a final determination of appellant's compensable interest, if any, and directed the court to proceed to a new trial to determine this interest.

When the mandate was returned to the trial court the $35,000.00 judgment had been paid and all the issues between the appellees, as condemnors, and all of the other condemnees had been settled. Appellant was the sole condemnee remaining. Thus, only its damages, if any, were secured by the $15,000.00 deposit in the registry of the court. Appellant made an application to withdraw these funds and the case was set for trial. The appellees filed a motion and an amended motion for summary judgment, contending that the pleadings and the summary judgment evidence clearly showed that appellant "has no compensable interest in this cause" and therefore "there is no genuine issue as to any material fact in connection with the compensable interest of Fort Worth Concrete Company or said Company's right to receive compensation in this condemnation suit." Appellant answered the motions for summary judgment. The trial court, after a hearing, entered a judgment on January 3, 1967, that "defendant, Fort Worth Concrete Company (appellant), has no compensable interest in this cause." It ordered and decreed that

appellant "take nothing herein," and that its motion to withdraw funds "be and the same is hereby overruled and denied," and "that the funds in the amount of $15,000.00 heretofore paid into the registry of the Court in this cause be refunded and paid over to Tarrant County, Texas, by the clerk of this Court."

The appellant contends the trial court erred (1) in granting appellees' (condemnors') motion for summary judgment because on the day of taking (June 19, 1964) appellant was in possession of the condemned premises by virtue of a valid and subsisting lease, the term of which had not expired, and owned all of the improvements which were permanently affixed to the real estate. That because its leasehold estate was taken and its improvements destroyed by the proceedings in condemnation it was entitled to a jury trial to determine what damages, if any, it had sustained; (2) in denying appellant's application to withdraw the funds deposited in court because appellant was the sole party whose damages were secured by the deposit, and as the money was subject solely to the order of appellant, it had the statutory right by the provisions of Article 3268, Vernon's Ann.Rev.Civ.St., Section 1, to withdraw same; (3) in entering judgment ordering that the funds deposited in court be refunded and paid over to appellees, because of the same reasons.

Appellant held possession of the condemned property under a lease dated February 1, 1961, for a two-year term. The lease, on a printed form, contained the following typewritten provisions:

"The lessee shall, in addition, have the option to renew this lease for an additional two-year period upon the same terms, upon giving lessor notice in writing of the exercise of said option thirty days prior to the expiration of the primary term. It is expressly understood that the lessor does not own the buildings upon said premises, and all of the printed terms of this lease having application only to the buildings and im-

provements on said lease are not applicable."

It is undisputed that the option to renew the lease was not exercised.

Before the expiration of this original two-year term, both the lessor and lessee knew that condemnation proceedings for the new highway were imminent. Roy Stanley, manager of appellant's land department, called Mr. Abbott, one of the lessors, and reminded him that the lease was going to be up on the 2nd (February 2, 1963) and asked him, " 'what do we want to do about it'?" The lessor and lessee agreed that the latter would stay on the premises and keep paying rent until the Highway Department "ran them off." Under this agreement, appellant was in possession on June 19, 1964, the day of taking, and the rent for the full month of June, 1964, had been paid. No notice to vacate had been given. It is undisputed that appellant was legally in possession of the premises under either a month-to-month lease or a tenancy at will and owned all of the improvements. The improvements consisted of a brick office building on a concrete slab, a cement or "batch" plant, a radio antenna consisting of a steel pipe embedded in concrete, a railroad track, and a steel warehouse building. All were permanently affixed to the real estate and were a part thereof.

The only question presented on the previous appeal (391 S.W.2d 818, 819, supra) was the propriety of the court's order of dismissal.

The Supreme Court of Texas, 400 S.W.2d 314, supra, based upon the record before it stated that, "Apparently, condemnor destroyed the office building during construction of the highway." There is no evidence in the record in support of such an inference or to the effect that the appellees had gained or taken possession of any of the property of appellant. It is undisputed that the office building could not be moved without destruction. None of the parties were able to explain what or who destroyed the building. The condemnee was not deprived of its right to possession of any of its property at any time by the appellees.

When this matter was again submitted to the trial court on the motion for summary judgment the record included, in addition to the previous pleadings, motions, orders, statement of facts, the motion for summary judgment, the answer thereto, the joint motion for dismissal of Abbott and Newman, owners of the fee, the order dismissing them, and four affidavits with attached exhibits.

Following its review of this record the trial court held as a matter of law that appellant has no compensable interest in this cause. The sole question presented by this appeal is whether or not the trial court erred in so holding.

The undisputed record before the court clearly shows that appellant was in possession of the 9.889 acre tract under a tenancy at will which would terminate when the State Highway Department requested appellant to move; and that during this tenancy at will the rent would be paid on a monthly basis. On June 19, 1964, the State of Texas demanded possession of the premises and requested that all improvements be removed by appellant within thirty days thereafter.

A tenant whose lease provides for its termination upon the taking of the leased premises for a public use, is entitled to no compensation when it is condemned. United States of America v. Petty Motor Company, 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; or as stated in Vol. 29A C.J.S. Eminent Domain § 198: " * * * a tenant by sufferance or from month to month has no such interest as entitles him to compensation; and this is true as to a tenant at will * * *."

The well established rules in Texas for determining the value of a leasehold have been recently restated in the case of

Luby v. City of Dallas, 396 S.W.2d 192, (Tex.Civ.App., 1965, writ refused n. r. e.). In that case the Court stated: "It is well settled in Texas that when the entire leasehold is taken the measure of damages is the value of the use and occupancy of the leasehold for the remainder of the tenant's term, plus the value of the right to renew if such right exists, less the agreed rent which the tenant would pay for the use and occupancy, such values to be determined by the usual 'willing seller-buyer rule.' State v. Parkey, Tex.Civ.App., 295 S.W.2d 457, 460, wr. ref. n. r. e.; Art. 3265, V.A.C.S."

■ In the case of Luby v. City of Dallas, supra, it was also stated: "It is also well settled that in determining such value no consideration should be given to the value of the business of the tenant, or the trade-name thereof, or the profits or losses thereof, or the tenant's personal property on the premises, or the expense of moving such personal property. These things are held to be immaterial and inadmissible as shedding no light on the value of the real property being condemned. As we said in Herndon v. Housing Authority of City of Dallas, Tex.Civ.App., 261 S.W.2d 221, 223, wr. ref.: ' * * * it is only the real estate which is being taken, not the business. The owner may keep his business and continue to operate it at a different location.' "

■ Appellant was given notice to remove the improvements within thirty days after June 19, 1964. However, appellant did not begin removing these improvements until October 12, 1964. Appellant retained possession of the entire 9.889 acre tract until October 5, 1964. It retained possession of the immediate area of the improvements until November 6, 1964. Appellant admits that it removed the batch plant, spur track and tin warehouse building. The evidence is undisputed that the brick office building was on the premises occupied by appellant on October 12, 1964. When appellees first gained possession of the area of the office building on November 6, 1964, there was nothing left but the standing bare walls and the slab of the office building.

Under these facts, the trial court was correct in holding as a matter of law that appellant had no compensable interest. Davis v. City of San Angelo, 376 S.W.2d 949, (Tex.Civ.App., 1964, no writ history).

In the Davis case, the tenant rented property on a verbal month-to-month basis in the City of San Angelo. He built two masonry buildings on the property which could not be moved without being destroyed. The landlord and tenant agreed that the buildings belonged to the tenant and he could move them off if the tenancy were terminated. The City of San Angelo purchased the interest of the fee owner for street purposes, and gave the tenant notice to move the buildings. Some months thereafter, the tenant and the City entered into an agreement whereby the City would remove the buildings, and that the tenant's vacating the buildings was not a waiver or abandonment of any claim by the tenant against the City. After this agreement, the City removed the buildings. The tenant then brought suit in the District Court against the City because it had " 'removed and destroyed the value of the buildings.' " The District Court rendered a take nothing judgment against the plaintiff. The Court of Civil Appeals affirmed and held:

"Appellant has shown no cause of action against the City. He suffered no compensable injury. If appellant's lessor (the City's vendor) had elected not to continue appellant's tenancy by the month and had notified the tenant to remove the improvements, appellant would have had no cause of action against his lessor for the value of the buildings, which appellant would have had a reasonable time to remove. Wright v. Macdonell, 88 Tex. 140, 30 S.W. 907. If, instead of removing the buildings himself, the tenant had thereupon contracted for the landlord to do so without cost to the tenant, no cause of action for removal would exist. The tenant would have suffered no compensable damage.

The City, as the landlord's vendee under its deed, obviously assumed the same relationship to appellant previously borne by its vendor. The fact that the City proposes to use for street purposes the land it acquired under a voluntary sale does not alter that status. There is no compensable taking, damaging, destruction or application of appellant's property to public use."

Appellant was given a reasonable time in which to remove the improvements and no question is raised as to such time being unreasonable. All items which were removable were removed. Under the facts of this case the appellant has failed to show any compensable interest.

All points of error are overruled and the judgment of the trial court is affirmed.