**STRATA DRILLING COMPANY et al., Appellants,**

v.

**Delbert D. ST. JOHN et al., Appellees.**

No. 10255.

Court of Civil Appeals of Texas.

Austin.

Nov. 3, 1954.

Pat Reed, Dallas, for appellants.

McMahon, Springer, Smart & Walter, Stanley P. Wilson, Archer & Overshiner, Abilene, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order of the District Court in overruling Motion for a New Trial in each of four cases.

The four suits were tried by the court at the same time as joint cases but were not consolidated, and a judgment was entered in each one.

The judgment in Cause No. 6221 was in favor of Jim Warren and Loyd Stack, d/b/a Geological Laboratories, for $1,625 with 6% interest, and for an attorneys' fee of $300 against L. N. Childress, Hal S. Dew and Strata Drilling Company, Inc.

The judgment in Cause No. 6210 was in favor of John H. Greer for $11,746.65 with 6% interest, and for an attorneys' fee of $1,750 against Strata Drilling Company, Inc., Hal S. Dew and L. N. Childress, and fixing a prior materialman's lien, etc.

The judgment in Cause No. 6206 was in favor of Delbert D. St. John for $23,859.74 with 6% interest, together with attorneys' fees in the amount of $3,600 against L. N. Childress, G. W. Buckner, Owen Bridges and A. E. Wedgeworth, individually and as partners of Strata Drilling Company, a co-partnership, and Strata Drilling Company, a corporation.

The judgment in Cause No. 6260 was in favor of Halliburton Oil Well Cementing Company, Inc., for $1,661.88 with 6% interest, together with $250 as attorneys' fees, against Hal S. Dew, L. N. Childress and Strata Drilling Company, Inc., jointly and severally.

On November 6, 1952, Strata Drilling Company, a partnership, acting by and through G. W. Buckner, one of its partners, as owner, entered into a drilling contract with Saxon Drilling Company, as contractor, for the drilling of Bryan No. 1 well in Runnels County, Texas, on certain terms as set out in the contract. Subsequent to the drilling of the well, Saxon Drilling Company was dissolved and Delbert D. St. John succeeded to the company insofar as the amounts earned under the contract are involved.

St. John filed suit to recover the total amount earned under the contract, with reasonable attorneys' fees. The Strata Drilling Company and its individual partners answered and denied liability upon the ground that an accord had been reached and that a novation had been agreed upon.

After St. John had filed his suit, John H. Greer, Geological Laboratories and Halliburton Company filed separate suits against Strata Drilling Company, as a co-partnership, its individual partners and as a corporation, and Hal S. Dew.

The above cases were all tried at the same time and resulted in the judgments hereinabove mentioned.

On October 23, 1953, appellants filed their Motion for a New Trial in all four cases. St. John filed an answer opposing the motion.

The motion was based on what was alleged to be newly discovered evidence in the form of an affidavit of Hal S. Dew, one of the defendants and one of the witnesses who had testified at the trial of the case. After a hearing on the appellants' Motion for New Trial, at which all parties to this appeal were represented, said motion was overruled.

The appeal is before this Court on two points and are that the court erred in overruling the Motion for New Trial, based on the affidavit of Hal S. Dew which contradicted his previous testimony, and which showed that the appellants did not have any interest as owners in the property, and that any dealings between himself, his associates and the appellants were based on fraud and deceit upon appellants; and. that the judgments are unconscionable and not in conformity with the evidence.

Counsel for appellants frankly state that it is clearly a matter of discretion with the court whether or not to grant a Motion for New Trial on the grounds of newly discovered evidence, and that the rule is well established that the appellate court will not overturn the trial court's ruling unless he has exceeded his discretionary powers.

We concede this to be the rule and do not believe that the trial court abused its discretion in overruling the motion.

■ Where the application is made for a new trial on the grounds of newly discovered evidence it is necessary to show that knowledge of the existence of such evidence was acquired subsequent to the former trial, and that failure to discover such evidence and to obtain the same in time to be used at the original trial was not due to want of diligence on the part of the party making such motion.

■ The affidavit of Dew was the only testimony offered on the hearing for a new trial. Mr. Dew was present and testified at length during the trial on its merits, and was a party to all of the cases except the St. John case. The affidavit was an attempt on the part of Dew to change certain testimony which he gave at the trial and no new facts were alleged. Mr. Dew was called as a witness by appellants who were in a position to have ascertained all of the facts surrounding the several transactions and it was the duty of the appellants to have fully developed the testimony of the witness if such testimony given at the trial was not correctly stated by the witness, and no diligence is shown to discover the evidence which is alleged to be newly discovered.

The affidavit is in the main contradictory of testimony given on the trial of the cases, and tends to impeach the credibility and veracity of the witness.

The appellants have not discharged the burden of showing the requisites in order to get a new trial. 31 Tex.Jur. 91; Buckner Orphans Home v. Maben, Tex.Civ.App., 252 S.W.2d 726; Miller v. Donald, Tex. Civ.App., 235 S.W.2d 201, error ref.

We do not believe that the judgment of the trial court is unconscionable and not in conformity with the evidence, nor do we believe that appellee St. John agreed to release appellants, or that an accord and satisfaction was ever reached and no novation was ever agreed to.

■ The statement of facts in this case contains 390 pages and much testimony was adduced concerning all phases of the cases as well as the claimed accord or novation, and the court resolved the fact issues against appellants and is reasonably supported by the record. Loggins v. Stewart, Tex.Civ.App., 218 S.W.2d 1011, error ref.

The judgment of the trial court is affirmed.

Affirmed.