**Earl E. LUBY et al., Appellants,**

**v.**

**The CITY OF DALLAS, Appellee.**

**No. 16577.**

Court of Civil Appeals of Texas.

Dallas.

Sept. 24, 1965.

Rehearing Denied Nov. 19, 1965.

194

William S. Campbell, Dallas, for appellants.

N. Alex Bickley, City Atty., and Kenneth C. Dippel, Asst. City Atty., Dallas, for appellee.

BATEMAN, Justice.

The City of Dallas, having previously purchased the fee simple title to certain real property needed in connection with the improvement of Griffin Street in downtown Dallas, took by these condemnation proceedings the leasehold interest of appellants in the property. Appellants occupied the property under a lease which would by its terms expire approximately 33 months after the date of taking, paying $700 per month rent. The special commissioners awarded appellants $40,000, which was paid into

court by the City and then withdrawn by appellants, pursuant to Vernon's Ann.Civ. St., Art. 3268, prior to the trial in the county court. Both sides appealed from the award by filing objections thereto. The jury found the value of the leasehold to be $23,100; whereupon the court awarded the City of Dallas the leasehold interest in the land and judgment against appellants for $16,900, the difference between the $40,000 received by them and the $23,100 verdict. We affirm. The appellants' 36 points of error are so interwoven that we shall discuss the contentions raised by them rather than each of the points of error separately.

A great many of the points challenge the regularity of the condemnation proceedings occurring prior to the withdrawal of the $40,000 by the appellants. Several of them attack the Statement in Condemnation filed by the City because of the insufficiency of the description of the land being condemned, the failure of the City to state properly the names of the known owners of interests therein or the purpose for which the land will be used, concerning which there was a discrepancy between the Statement and the resolutions of the City Council; the failure to include in the proceedings certain necessary parties; and the failure of the Statement to contain all the information required by Art. 3264, § 1, V.A.C.S.

■ The appellants, by their withdrawal of the $40,000 paid into the registry of the court by the City, must be held as a matter of law to have impliedly consented to the taking of their property. Only the question of adequate compensation remained to be determined. This has been the rule uniformly announced by our courts since City of San Antonio v. Grandjean (1897), 91 Tex. 430, 41 S.W. 477, 44 S.W. 476; the latest expression of our Supreme Court on the subject being in State of Texas v. Jackson, Tex.1965, 388 S.W.2d 924. In a footnote to that opinion is cited the opinion of this court in Crockett v. Housing Authority of City of Dallas, Tex.Civ.App., 274 S.W.2d 187, no wr. hist.

The foregoing rule is binding on appellants notwithstanding the fact that they sought to condition their withdrawal of the $40,000 by a recitation that the withdrawal was without prejudice to certain objections and exceptions. Having withdrawn the money deposited, appellants are precluded from contesting the legality of the proceedings establishing the City's right to take the property.

Appellants attack in various ways the legality of the condemnation proceedings and seek a reversal of the judgment because the City purchased from the fee owner, and took from appellants, more land than was necessary for the declared purpose of extending Griffin Street and sold the unneeded surplus to a private corporation. We see no merit in these points. In the first place, the appellants must be held to have waived any irregularity in this respect by their withdrawal of the $40,000. City of San Antonio v. Grandjean, supra, and State of Texas v. Jackson, supra. Morover, in the second place, an examination of the facts and the applicable authorities will demonstrate that there was nothing illegal or wrongful in the transactions in question.

■ Appellants say that the court erred in even trying the case and submitting it to the jury because of this variance between the resolutions of the City Council, which authorized the appropriation of appellants' leasehold estate for the purpose of "extending" Griffin Street, and the Statement in Condemnation, which states that such estate is to be condemned for the purposes of "the widening and improvement of public streets and more particularly the extension of Griffin Street." Appellants concede that the statutes and appellee's charter authorize the appropriation of privately owned property "in order to open, widen, narrow, straighten or extend any public street, avenue or alley within the City limits," but argue that when the City Council (the governing body of the City) declared a public necessity for the mere "extension" of Grif-

fin Street that meant continuing the existing street in a straight line and with the same width, and that there existed no authority, and no declaration by the Council of a public necessity, for the taking of appellants' property for the purpose of widening or changing the course of that street. We see no merit in this contention. The appellants were adequately informed by the Statement in Condemnation that the City was seeking to take all of their leasehold interest in the entire tract for the purpose of extending, improving and widening Griffin Street. Appellants appeared at the commissioners' hearing, objected to the award made by them, not on the grounds here under discussion, but on other matters touching only upon the value of the leasehold; withdrew the deposit of the award and sought to obtain a larger award by the jury. They amended their objections and exceptions to the award twice, and in the last amendment, which was filed March 16, 1964, and which must be held to have supplanted the previous objections and exceptions under Rule 65, Vernon's Texas R.C.P., the only objection made was that the award of the commissioners was inadequate. We therefore hold that appellants waived their right, if any they had, to complain of this matter of variance by not pleading it.

It is true that when the City filed its motion for a partial summary judgment under Rule 166–A, T.R.C.P., wherein it sought adjudication of its power, right and authority to condemn appellants' property and to limit the controversy to the proper amount to be paid to appellants, the latter, in a "Controverting Affidavit" hinted broadly at the matter by suggesting that there were material fact issues on the question of whether the City had properly exercised its power to condemn. The transcript also contains a motion by appellants to dismiss the City's appeal from the commissioners' award, in which the question was squarely raised, but there is nothing in the transcript to show that this motion was called to the attention of the court. Therefore, it is our holding, based upon our examination of the record as a whole, that (1) the point was never actually presented to the trial court for a ruling and cannot now be raised for the first time on appeal, and (2) the point is, under all the circumstances of this case, without substance.

We think the trial court was correct in granting the partial summary judgment. The "Controverting Affidavit" of appellants' attorney, mentioned above, raises no actual fact issues. Its eight pages are devoted primarily to complaint that the City, in purchasing the fee without notice to appellants, probably adversely affected the market value of appellants' leasehold, and that the City, when it offered appellants $100 for their leasehold, did not negotiate with them in good faith. These were not controverted issues of fact; the facts were undisputed, and the legal consequences thereof were not raised by the pleadings.

■ The tract was owned by one Kain and had a frontage of about 50 feet on Main Street. It was about 100 feet deep and contained about 5,000 square feet. The brick building on it, which was leased to appellants, and in which they operated a cafeteria, contained about 3,550 square feet on the ground floor. The west wall of this building was a common wall with the adjoining building. After using the part actually needed for the extension, widening and improvement of Griffin Street, only a small triangle containing about 1,560 square feet remained, which would be wholly unsuitable for the operation of a cafeteria. Moreover, the destruction of the building occupied by appellants would remove some of the support of the common wall and would necessitate certain repairs thereto. After razing the building and setting aside sufficient land for the extension and widening of the street, it used the surplus long enough to repair and strengthen the common wall, and then sold such surplus.

■ It is well settled that a city may under these circumstances condemn the quantity of land which its governing body in good faith decides should be condemned

for a certain purpose, and that in the absence of some constitutional or statutory limitation "the discretion of the condemnor is absolute as to what land it may condemn for its purposes, and the courts will not review its discretion in this respect, except where it is made to appear the condemnor has acted in bad faith, or has acted arbitrarily, capriciously, or fraudulently, in selecting the particular land for its purpose." Texas Electric Service v. Lineberry, Tex. Civ.App., 327 S.W.2d 657, 664, wr. dism. See also Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053, holding that "a determination by the condemner of the necessity for acquiring certain property is conclusive in the absence of fraud." The right of eminent domain exercised here is one delegated to the city by the legislature, and its exercise is a legislative, not a judicial, function. "Those questions rest wholly within the legislative discretion." West v. Whitehead, Tex.Civ.App., 238 S.W. 976, 978, wr. ref. This record contains nothing to indicate fraud or caprice in the decision to condemn the entire property, and we therefore feel that we have no right to review the decision.

Moreover, the right of the City to sell the unneeded surplus of land acquired is expressly granted by Art. 1203, V.A.C.S.

■ By their Point No. 13 appellants complain of error in overruling certain special exceptions contained in their "First Supplemental Pleading and Exceptions to the Pleadings of the Petitioner, City of Dallas," found on pages 78–81 of the transcript. However, we find no order of the court overruling these exceptions, and for that reason the point cannot be considered.

■ Appellants contend that the Dallas, Texas Corporation, to which the City sold the small triangular strip of land not actually included in the widened and extended Griffin Street, was a necessary party to this suit. We are not favored with any authority or argument in support of this contention, and we have been unable to find any such authority. We know of no purpose that would have been served by making this company a party, and fail to see any harm resulting to appellants by the failure to do so. Hence, this contention is overruled.

■ It is also contended by appellants that, the City having acquired by purchase the fee simple title to the realty, the City was a necessary party. We do not agree. The fee simple title and the leasehold were two separate estates, each constituting real property. It was necessary for the City to to acquire both estates to accomplish its purpose of improving the street. Having acquired Kain's fee simple title by private negotiation and deed, and even though it became the lessor by assignment of the lease, no purpose would have been served by making the City a party defendant. As appellants were not injured by the failure to do so, they will not be heard to complain thereof. Halbert v. Upper Neches River Municipal Water Authority, Tex.Civ.App., 367 S.W.2d 879, wr. ref. n. r. e.; Sinclair Pipe Line Co. v. Peters, Tex.Civ.App., 323 S.W.2d 651, 655, no wr. hist.; National Association of Audubon Societies v. Arroyo Colorado Nav. Dist., Tex.Civ.App., 110 S.W.2d 150, no wr. hist. This contention is overruled.

■ Appellants' Point of Error No. 15 complains of the exclusion of the testimony of their witness, Robert Beer, "as to the market value of the cafeteria business leasehold property of Luby's Cafeteria No. 2, under the sole and exclusive use and occupancy as a cafeteria by lessee-defendants." Point 24 complains of the exclusion of a map used by Beer to show the location, nature, etc. of the property in question, and Point 29 says the court erred in instructing the jury not to consider Beer's testimony of a market value of $84,400. Points Nos. 25 and 28 assert error in excluding certain schedules showing operational records of appellants' cafeteria and in instructing appellants, their witnesses and

attorney, not to mention, allude to or proffer evidence of sales, income or revenue of said business. Point 32 asserts error in the overruling of appellants' objections and exceptions to instructions given the jury in the charge. These points are not supported by authorities or argument, and may be considered as abandoned. Rule 418, T.R.C.P.; Young v. Texas & Pacific Ry. Co., Tex.Civ.App., 347 S.W.2d 345, 349, no wr. hist.; Fulton v. Abramson, Tex. Civ.App., 369 S.W.2d 815, 817, no wr. hist. Even if we were to consider these points, however, we would have to overrule them.

■ We see no merit in appellants' Points 15, 24, 25, 28 and 29. The witness Beer stated that his estimate of the value of the leasehold was not based on an "empty bare walled building," but on a "cafeteria successfully operating up until the day it was closed," and that he took into consideration all that was shown by certain photographs of the interior of the cafeteria while in operation, including the people standing in line, the tables, chairs, pots, pans, stoves and all other restaurant facilities shown. It is obvious that the witness based his opinion on an incorrect measure of damages. It is well settled in Texas that when the entire leasehold is taken the measure of damages is the value of the use and occupancy of the leasehold for the remainder of the tenant's term, plus the value of the right to renew if such right exists, less the agreed rent which the tenant would pay for the use and occupancy, such values to be determined by the usual "willing seller-buyer rule." State v. Parkey, Tex.Civ.App., 295 S.W.2d 457, 460, wr. ref. n. r. e.; Art. 3265, V.A.C.S.

■ It is also well settled that in determining such value no consideration should be given to the value of the business of the tenant, or the trade-name thereof, or the profits or losses thereof, or the tenant's personal property on the premises, or the expense of moving such personal property. These things are held to be immaterial and inadmissible as shedding no light on the value of the real property being condemned. As we said in Herndon v. Housing Authority of City of Dallas, Tex.Civ.App., 261 S.W.2d 221, 223, wr. ref.: " * * * it is only the real estate which is being taken, not the business. The owner may keep his business and continue to operate it at a different location." See also Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575, 581, wr. ref. n. r. e.; State v. Vaughan, Tex.Civ.App., 319 S.W.2d 349, 355, no wr. hist.

The objections and exceptions to the court's charge merely reiterate many of the contentions raised in the other points of error on appeal. We find no fault with the form or substance of the special issue submitted or the explanatory instructions accompanying same.

■ By their Points Nos. 16 through 23 the appellants complain of the exclusion of photographs of the property after completion of the widening and extension of Griffin Street, the deed conveying the fee title to appellee, the deed by which appellee sold the unneeded surplus of the land in question, the resolutions of the City Council authorizing the condemnation proceedings, the assignment of the lease by Kain to appellee, the cancelled checks by which appellants paid rent to appellee thereafter, a letter from appellee to appellants concerning the payment of rents, and the Statement in Condemnation. Points 26 and 27 assert error of the trial court in sustaining motions *in limine* to suppress evidence of the facts in connection with the acquisition by appellee of the fee simple title to the property in question as well as evidence of payment by appellants of rentals to appellee. We have carefully examined all of these points and the authorities and arguments made thereunder and find no merit in any of them. The excluded evidence would have been of no value or assistance to the jury in determining the only issue left remaining in the case, viz., the value of the leasehold taken; hence, there was no error in refusing to admit it. Accordingly, these ten points are overruled.

By their Points 30 and 31 the appellants charge jury misconduct in that the jury arrived at the verdict of $23,100 by multiplying the monthly rental of $700 by 33, the number of months remaining of the lease, producing a total of $23,100, then multiplying that figure by 2, then dividing the product of $46,200 by 2, leaving $23,100 as the value of the leasehold. It appears clearly from the testimony of the jurors, taken at the hearing of appellants' amended motion for new trial, that they discussed and considered the testimony of the value-witnesses produced by both sides, which ranged from a low of $9,700 to a high of $26,400; also that the jurors did not agree in advance to follow any particular method or formula or to be bound by the result thereof. Two of the jurors suggested returning the figure of $9,700 as the verdict, but the foreman stated that he would not agree to any figure lower than $23,100, which *he*, not the jury, arrived at by the computation which appellants say constituted misconduct.

This method of reaching a verdict does not constitute such misconduct as would require a reversal unless all the jurors agreed in advance to be bound by the figure thus reached. This is the rule which governs in the case of so-called quotient verdicts, Morgan v. State, Tex.Civ.App., 343 S.W.2d 738, wr. ref. n. r. e., and it is also applicable here.

It is also well settled that jurors are not allowed to preserve or destroy their verdicts by testifying to the mental processes by which they reached the same. This rule was in effect both before and after promulgation of Rule 327, T.R.C.P., which relates to jury misconduct as a ground for new trial. Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642; Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462.

We have considered this matter of misconduct "from the evidence both on the hearing of the motion [for new trial] and the trial of the case and from the record as a whole" and cannot say that it appears therefrom that "injury probably resulted to the complaining party." Rule 327, T.R. C.P. Nor can we say that the error, if any, "amounted to such a denial of the rights of the appellant(s) as was reasonably calculated to cause and probably did cause the rendition of an improper judgment * * *." Rule 434, T.R.C.P.

Nor are we persuaded that error actually occurred. While the formula evolved by the jury foreman may at first appear to be awkward and unnecessarily complicated, it was not illogical because the simple effect of it was to say that appellants were deprived for 33 months of a location worth $1,400 per month, or a total of $46,200, for which they were obligated to pay only $700 per month, or a total of $23,100; and that their damages or loss was equivalent to the difference of $23,100. This amount was within the range of values testified to by the expert witnesses, and therefore cannot be said to be *without support in the evidence*. Accordingly, we overrule Points 30 and 31.

By their Points of Error Nos. 33 through 36 appellants assert in various ways that they should have a new trial because of newly discovered evidence in the form of a contract between the City of Dallas and the owner of property adjacent on both sides to the projected Griffin Street. This contract was offered in evidence at the hearing of appellants' amended motion for new trial, but was excluded. We cannot overturn the trial court's exclusion of this evidence unless we can say that that court has exceeded its discretionary powers. Strata Drilling Co. v. St. John, Tex. Civ.App., 272 S.W.2d 753, no wr. hist. We see no evidence in the record to indicate such abuse of discretion.

Moreover, it was essential that the portion of the motion for new trial dealing with the newly discovered evidence be supported by affidavit, Moores v. Wills, 69 Tex. 109, 5 S.W. 675; Marrast v. Smith,

Tex.Civ.App., 53 S.W. 707, no wr. hist., and such affidavit must show, not only the attorney's want of information concerning the evidence in question, but also that the litigant himself was without the information. Russell v. Oliver, 78 Tex. 11, 14 S.W. 264. It is also necessary for a party seeking a new trial on this ground to allege and prove that knowledge of the evidence was acquired after the trial and that the failure to discover and obtain the evidence in time for it to be used at the trial was not due to want of diligence, that the evidence is material and not merely cumulative and that it would probably change the result upon another trial. Krider v. Hempftling, Tex.Civ.App., 137 S.W.2d 83, no wr. hist.; Adams v. Halff, Tex.Civ. App., 24 S.W. 334, no wr. hist.; Parlin & Orendorff Implement Co. v. Chadwick, Tex.Civ.App., 4 S.W.2d 133; Essex v. La Boue, Tex.Civ.App., 223 S.W.2d 35, wr. dism.; Kerrville Bus Co. v. Williams, Tex. Civ.App., 206 S.W.2d 262, wr. ref. n. r. e.; Carnes v. Kay, Tex.Civ.App., 210 S.W.2d 882, no wr. hist.

In the light of these rules, no reversible error is shown. The amended motion for new trial was not supported by affidavit. The testimony offered at the hearing of the motion showed at most some difficulty in locating the City's file in which the contract was contained; it fell far short of demonstrating concealment thereof by the City.

Appellants had the burden of showing that they did not know of the existence of this evidence prior to the trial, and that their failure to know about it and to produce it at the trial was not due to a lack of diligence on their part. The trial court did not abuse its discretion in holding that the evidence was insufficient to discharge that burden.

Moreover, we have read and carefully studied the contract in question and considered the arguments made to show the materiality thereof, and without unduly lengthening this opinion by reciting the details thereof we affirm the trial court's implied finding that if a new trial were granted and the contract admitted in evidence the result would probably not be different from the one reached at the trial.

As no reversible error appears in the record, the judgment appealed from is

Affirmed.