**COUNTY OF JIM WELLS et al., Appellants,**

v.

**Keith E. COOK, Appellee.**

**No. 14505.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1966.

John C. Mullen, Werner A. Gohmert, Alice, for appellants.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, Perkins, Floyd, Davis & Oden, Alice, for appellee.

CADENA, Justice.

The County of Jim Wells and the members of its Commissioners' Court, defendants, appeal from a judgment rendered in favor of plaintiff, Keith E. Cook, in a trespass to try title suit.

The present controversy was generated by, and involves the validity of, condemnation proceedings instituted by the County for the purpose of acquiring plaintiff's land as right-of-way for the construction of County Road No. 199. Plaintiff's challenge to the validity of such proceedings is based on the contention that, since his land is located within the corporate limits of the City of Alice, the County lacks the power to condemn it. The trial court, agreeing with plaintiff's contention, held that the eminent domain proceedings, which were pending in the County Court at the time of the rendition of the judgment in this case, were null

and void. The judgment in favor of plaintiff in this case is based on that holding.

At the outset, we are faced by the fact that, after the amount awarded by the special commissioners had been deposited by the County with the County Clerk, pursuant to the provisions of Article 3268,[1] the County Court entered an order directing the County Clerk to pay $12,700.00, the amount of the award, to plaintiff. A check in this amount was mailed to plaintiff, who received it on October 12, 1963, and deposited it in his bank on the same day. Three days later, the County perfected its appeal from the commissioners' decision to the County Court by timely filing its exceptions to the award.

■ Our Courts have consistently held that a landowner who accepts the amount awarded by special commissioners in condemnation cannot thereafter question the power of the condemnor to take his land.[2] Plaintiff seeks to avoid the effect of this rule on the ground that, because of a conversation which he had with the County Attorney shortly after the commissioners announced their award, he was led to believe that the County would not appeal the decision of the commissioners. He testified that he would not have accepted the money, had he not been misled into believing that the County would make no effort to reduce the award.

For the purpose of this opinion, we accept plaintiff's contention that, as a result of his conversation with the County Attorney, he was led to believe that there would be no appeal by the County. But even if we further assume, without deciding, that a condemnee who accepts the award under the mistaken belief, induced by the condemnor's attorney, that the governmental agency would not seek to reduce the award, may upon learning of his mistake question the

1. All statutory citations refer to Vernon's Annotated Civil Statutes.

2. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, on rehearing, 44 S.W. 476 (1897); State v. Jackson, 388 S.W.2d 924 (Tex.Sup., 1965); Luby v. City of Dallas, 396 S.W.2d 192 (Tex.Civ. App., 1965, writ ref'd n. r. e.).

condemnor's power to take, we see no way in which that supposed rule would protect plaintiff here.

■ Immediately after the deposit of the award with the County Clerk, the County moved onto plaintiff's land in preparation for construction of the road. Three days after plaintiff accepted the award, the County filed its objections thereto and, thereafter, plaintiff filed a plea challenging the validity of the proceedings. Fourteen months after he had accepted the money, plaintiff filed this suit in the District Court. Meanwhile, construction of the road had been completed. At no time during this period of more than a year did plaintiff offer to return the $12,700.00. In fact, on August 30, 1965, more than two years after he had accepted the award, plaintiff, by a pleading filed in this case, insisted that he was under no obligation to return the money. Plaintiff's pleadings in this case reflect that, during all of this time, he asserted the right to retain the $12,700.00, to retain his land, and to recover damages for what he insists was the unauthorized entry of the County upon his land. Even a judicial bakery is incapable of producing a cake which can be so often consumed.[3]

■ In any event, the proceedings in condemnation were not void. Under Article 6674n–2, a county is empowered to condemn land within a municipality, with prior consent of the municipal governing body, where the acquisition of such land is, in the judgment of the commissioners' court, necessary or convenient as right-of-way for any road "which forms or will form a connecting link in the county road system or a connecting link in a State Highway." It is undisputed that on May 20, 1963, prior to the institution of the condemnation proceedings, the governing body of the City of Alice, by resolution, granted the County permission to condemn the land in question.

On July 24, 1963, the Commissioners' Court of Jim Wells County directed the County Attorney to condemn plaintiff's land in order to obtain right-of-way necessary for the construction of part of County Road No. 199.

County Road No. 199 begins at a point on State Highway No. 44, west of the City of Alice. The road then runs in easterly and southerly directions to connect with U. S. Highway No. 281, within the City of Alice. Plaintiff's land is the right-of-way for the easternmost segment of this road. This segment extends from a point just east of Goliad Road, within the corporate limits. It thus appears that the road which has been constructed on plaintiff's land connects with the remainder of County Road No. 199. All of the conditions precedent to the County's power to condemn the land in question are met.

Plaintiff next points out that the statement in condemnation filed by the County recites that the condemnor is exercising authority granted to it by Articles 3264–3271, inclusive, and contains no mention of Article 6674n–2. Plaintiff then argues that, since under the holding in Adams v. Rockwall County, 280 S.W. 759 (Tex.Com.App., 1926), the general condemnation statutes do not empower a county to condemn, for road purposes, land within the boundaries of a municipality, the statement shows on its face that the County here lacks power to take his land.

■ The statement filed by the County contains all of the allegations required by Section 1 of Article 3264. The fact that the County alleged that it was proceeding under the provisions of Articles 3264–3271 is of no consequence. Whether or not the County had power to condemn land under those statutes is immaterial, since ample authority is given by Article 6674n–2.[4]

---

3. Cf. Luby v. City of Dallas, supra, n. 2, where the condemnee sought to condition his acceptance of the award by the filing of an instrument reciting that such with-

drawal was without prejudice to certain objections and exceptions.

4. Ex Parte Edmonds, 383 S.W.2d 579 (Tex.Sup., 1964).

■ The failure of the statement in condemnation to allege the prior consent of the City of Alice to the taking of the land by the County was cured by supplemental pleadings filed in the County Court prior to the institution of the instant suit by plaintiff in the District Court. The only other defect in the statement was the failure to allege that the land in question was necessary for right-of-way for a road forming a connecting link in the county road system. Even if such omission rendered the statement subject to special exception, the proper place for condemnee to raise the question of defective pleadings is in the County Court.[5] Defects in pleadings do not render the proceedings void.

■ Since the proceedings in condemnation were not void, the District Court was without jurisdiction to entertain plaintiff's suit, and the overruling of the County's plea in abatement, based on the pendency of the condemnation proceedings, was error.[6]

The judgment of the trial court is reversed and judgment is here rendered dismissing plaintiff's suit. Since the County's cross-action for recovery of the money paid to plaintiff was conditioned on plaintiff's success in his suit, that portion of the judgment granting the County recovery on its cross-action is also reversed and the County's cross-action is also dismissed.

5. Id.

6. Ex Parte Barrett, 120 Tex. 311, 37 S.W. 2d 741 (1931); Ex Parte Edmonds, supra, n. 4.