**The STATE of Texas, Appellant**

**v.**

**B.R. LANGLEY, Glenna Langley, B.J. Langley, and Polly Langley, Appellees.**

No. 12–07–00058–CV.

Court of Appeals of Texas, Tyler.

Aug. 22, 2007.

Oren L. Connaway, Austin, TX, for Appellee.

Dale Long, for Appellant.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

The State of Texas, Appellant, appeals the denial of its plea to the jurisdiction regarding three counterclaims brought against the State by Appellees B.R. Langley, Glenna Langley, B.J. Langley, and Polly Langley. In three issues, the State asserts (1) that these counterclaims were barred by sovereign immunity from suit, (2) that the damages set forth in these counterclaims fell solely within the exclusive jurisdiction of an administrative agency, and (3) that the Langleys have failed to exhaust their administrative remedies. We reverse and render.

## BACKGROUND

After a period of failed negotiations between the State and the Langleys, the State filed a petition for condemnation seeking a portion of the Langleys' property in Smith County, Texas for street widening and intersection improvement. Once the State's petition was filed, the trial court appointed three special commissioners to assess damages associated with the condemnation. Unhappy with the award of the special commissioners, the State filed objections to the award.

In response to the State's objections, the Langleys filed their answer and counterclaims. In their first counterclaim, the Langleys asserted a cause of action for relocation expenses.[1] *See* TEX. PROP.CODE ANN. § 21.043(a) (Vernon 2000) (providing for a limited cause of action for relocation expenses). In their second and third counterclaims, the Langleys asserted that 1) the State had negotiated with them regarding relocation expenses resulting from the taking of their real property, 2) representatives of the State had told them they would be paid for these expenses, 3) they did in fact relocate their business in reliance on these representations, 4) they were not paid for these expenses, and 5)

---

1. This counterclaim is not stated in the counterclaim section of the Langleys' answer. Instead, it is stated in the preceding paragraph that falls within the body of their answer proper. Because both the counterclaim and answer are part of one continuous document, and because we are to construe the pleadings liberally in favor of the Langleys, we have treated their request for relocation expenses as a counterclaim. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004).

they were entitled to damages for both misrepresentation and breach of contract.[2]

In response to these counterclaims, the State filed a plea to the jurisdiction, alleging the same issues it now raises on appeal. Following a hearing, the trial court denied the State's plea. This interlocutory appeal followed.[3]

### SOVEREIGN IMMUNITY

In its first issue, the State asserts that the Langleys were barred from suing the State under the doctrine of sovereign immunity.

### Standard of Review

■ Sovereign immunity from suit bars an action against the State unless the State consents to the suit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *Id.* The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Whether a court has subject matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). If a trial court lacks jurisdiction over some claims but not others, the trial court should dismiss those claims over which it does not have subject matter jurisdiction but retain those claims over which it does. *See Thomas v. Long,* 207 S.W.3d 334, 339 (Tex.2006). When a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal. *BMC*

*Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002).

■ When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See Miranda,* 133 S.W.3d at 226. We construe the pleadings liberally in favor of the nonmovant and look to the nonmovant's intent. *See id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the nonmovant should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction should be granted without allowing the nonmovant an opportunity to amend. *Id.* at 227.

■ If a plea to the jurisdiction challenges the existence of the jurisdictional facts pleaded, we consider relevant evidence submitted by the parties where necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See id.* When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. *Id.* In a case in which the jurisdictional challenge implicates the merits of the nonmovant's cause of action

---

2. Neither party has addressed in their briefing whether a non-DTPA cause of action for misrepresentation exists. Because the issue is not dispositive, we will assume, without deciding, that such a cause of action exists.

3. We have jurisdiction of this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2006) ("A [party] may appeal from an interlocutory order of a [trial court] that . . . grants or denies a plea to the jurisdiction by a governmental unit. . . . ").

and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue should be left for trial. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id.* at 228. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant. *See id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See id.*

### Discussion

 In order for the State's immunity to be waived and the trial court to have jurisdiction, a party must show that the State has consented to suit. *See Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex.2002). Consent can be established by statute, *id.,* legislative resolution, *id.,* or, in very limited situations, by conduct. *See, e.g., Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 376–77 (Tex.2006) (When a city files a lawsuit for damages against a private party, it sheds its sovereign immunity from suit for claims against it that are "germane to, connected with and properly defensive to claims the [c]ity asserts," except for amounts which exceed the amounts necessary to offset the city's claims.); *Tex. A & M Univ.-Kingsville v. Lawson,* 87 S.W.3d 518, 518 (Tex.2002) (When private party dismisses a pending lawsuit in which sovereign immunity had been waived, and that dismissal was based upon a settlement agreement with the governmental entity, the governmental entity waived immunity to be sued for breach of the settlement agreement.).

 Here, it is undisputed that the Langleys did not have the legislature's consent to sue. Nor did the Langleys dismiss a pending lawsuit pursuant to a settlement agreement. In their counterclaims, the Langleys alleged that the State made a contract with them for relocation expenses. However, a governmental entity does not waive its sovereign immunity from suit simply by contracting with a private party. *Pelzel & Assocs.,* 77 S.W.3d at 248. The Langleys' relocation, misrepresentation, and breach of contract claims were not germane to, connected with, or properly defensive to the eminent domain claims brought by the State. Instead, these matters were wholly separate from that proceeding. *See Gen. Servs. Comm'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 599 (Tex.2001) ("The State, in acting within a color of right to take or withhold property in a contractual situation, is acting akin to a private citizen and not under any sovereign powers. In this situation, the State does not have the intent to take under its eminent domain powers; the State only has an intent to act within the scope of the contract."); *Luby v. City of Dallas,* 396 S.W.2d 192, 198 (Tex.Civ.App.-Dallas 1965, writ ref'd n.r.e.) ("It is also well settled that[,] in determining [the] value [of property in an eminent domain proceeding,] no consideration should be given to ... personal property on the premises, or the expense of moving such personal property. These things are held to be immaterial and inadmissible as shedding no light on the value of the real property being condemned.").

The State created an administrative proceeding that could have provided the

Langleys with compensation for their relocation expenses. *See* Tex. Prop.Code Ann. § 21.046 (Vernon 2000) (providing authority for a department or agency of the State to establish a relocation advisory service); 43 Tex. Admin. Code §§ 21.111–118 (West, Westlaw, current through the date of this opinion) (Tex. Dep't of Transp., Relocation Assistance & Benefits) (creating service to compensate parties for relocation expenses). By implementing such a system to compensate for relocation expenses, the State has provided what facially appears to be a fair system allowing reasonable compensation for these expenses. *See id.* With such a system in place, it would be inappropriate for us to hold that the State waived its sovereign immunity from suit by its conduct, the alleged misrepresentations and breach of contract. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 861 (Tex.2002) (Hecht, J., concurring) (stating that, where the State enters into a contract, accepts a benefit under the contract, and then refuses to pay the agreed price for the benefit, the State has still not waived sovereign immunity from suit by its conduct unless it has "chiseled a [party] just because it could get away with doing so."). We thus examine whether the Langleys can demonstrate consent to the suit through statute.

■ The Langleys assert a waiver of immunity pursuant to section 21.043(a) of the Texas Property Code. Where applicable, section 21.043(a) is a sufficiently clear waiver of sovereign immunity.[4] *See id.* Section 21.043(a) does not expressly authorize damages for misrepresentation or breach of contract claims. *See id.* Instead, it authorizes, on a limited basis,

suits for relocation expenses. *See id.* "[F]or the Legislature to waive sovereign immunity [by enacting a statute], it must do so by clear and unambiguous language." *Univ. of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex.1994). Section 21.043(a) includes no such language relating to misrepresentation or breach of contract claims. Accordingly, we hold that section 21.043(a) does not waive the State's sovereign immunity from suit regarding these claims.

Section 21.043(a) does, however, authorize claims for relocation expenses. However, section 21.043(a) provides a cause of action for relocation expenses only where the property owner "is not entitled to reimbursement ... under another law." Section 21.046 of the Texas Property Code provides authority for a department or agency of the state to establish a relocation advisory service. Tex. Prop.Code § 21.046(b). Pursuant to section 21.046(b), such a relocation advisory service, as a cost of acquiring real property, may pay relocation expenses where the personal property of a property owner's business is displaced. *Id.* As authorized by section 21.046, the Texas Department of Transportation established a relocation assistance and benefits program. *See* 43 Tex. Admin.Code §§ 21.111–118.

According to the wording of section 21.043(a), the issue is whether the Langleys were entitled to relocation expenses under another law. Under the Department of Transportation's relocation assistance and benefits program, the Langleys were entitled to relocation expenses. Because they were so entitled, section 21.043(a) does not apply, and thus, it can-

---

4. Section 21.043(a) reads as follows:

A property owner who is permanently physically displaced from the property owner's dwelling or place of business and who is not entitled to reimbursement for moving expenses under another law may recover, in addition to the property owner's other damages, the reasonable expenses of moving the property owner's personal property from the dwelling or place of business.

not serve as a basis for the trial court's jurisdiction. Further, our review uncovered no other statutory expression of consent to a cause of action for relocation expenses.

 While the Langleys were still entitled to pursue the rights of a condemnee, their first, second, and third counterclaims were barred by sovereign immunity. Generally, the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice, but when a dispositive defect cannot be remedied, dismissal with prejudice is proper. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The Langleys' pleadings affirmatively negate the existence of subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 227. Therefore, the trial court erred by denying the State's plea to the jurisdiction. Instead, the trial court should have granted the plea and dismissed these counterclaims with prejudice. Accordingly, we sustain the State's first issue. Because this issue is dispositive, we do not address the State's second and third issues. *See* TEX.R.APP. P. 47.1.

### DISPOSITION

Because the trial court erred in denying the State's plea to the jurisdiction, we *reverse* and *render* judgment granting the plea to the jurisdiction and dismissing for want of jurisdiction, with prejudice, the Langleys' counterclaims against the State for relocation expenses, misrepresentation, and breach of contract.