NO.
12-07-00058-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE
OF TEXAS,    §                      APPEAL FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW

 

B.R. LANGLEY, GLENNA LANGLEY,

B.J. LANGLEY, AND POLLY LANGLEY,

APPELLEES §                      SMITH COUNTY, TEXAS

                                                                                                                                                            

OPINION

            The
State of Texas, Appellant, appeals the denial of its plea to the jurisdiction
regarding three counterclaims brought against the State by Appellees B.R.
Langley, Glenna Langley, B.J. Langley, and Polly Langley.  In three issues, the State asserts (1) that
these counterclaims were barred by sovereign immunity from suit, (2) that the
damages set forth in these counterclaims fell solely within the exclusive
jurisdiction of an administrative agency, and (3) that the Langleys have failed
to exhaust their administrative remedies. 
We reverse and render.

 

Background

            After a period of failed
negotiations between the State and the Langleys, the State filed a petition for
condemnation seeking a portion of the Langleys’ property in Smith County, Texas
for street widening and intersection improvement.  Once the State’s petition was filed, the
trial court appointed three special commissioners to assess damages associated
with the condemnation.  Unhappy with the
award of the special commissioners, the State filed objections to the award.








            In response to the State’s
objections, the Langleys filed their answer and counterclaims.  In their first counterclaim, the Langleys
asserted a cause of action for relocation expenses.[1]  See Tex.
Prop. Code Ann. § 21.043(a) (Vernon 2000) (providing for a limited cause
of action for relocation expenses).  In
their second and third counterclaims, the Langleys asserted that 1) the State
had negotiated with them regarding relocation expenses resulting from the
taking of their real property, 2) representatives of the State had told them
they would be paid for these expenses, 3) they did in fact relocate their
business in reliance on these representations, 4) they were not paid for these
expenses, and 5) they were entitled to damages for both misrepresentation and
breach of contract.[2]

            In response to these counterclaims,
the State filed a plea to the jurisdiction, alleging the same issues it now
raises on appeal.  Following a hearing,
the trial court denied the State’s plea. 
This interlocutory appeal followed.[3]  

 

Sovereign Immunity

            In its first issue, the State
asserts that the Langleys were barred from suing the State under the doctrine
of sovereign immunity.

Standard
of Review








            Sovereign immunity from suit bars an
action against the State unless the State consents to the suit.  Tex. Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999).  Absent
the State’s consent to suit, a trial court lacks subject matter
jurisdiction.  Id.  The absence of subject matter jurisdiction
may be raised by a plea to the jurisdiction. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  Whether a court has subject
matter jurisdiction is a question of law reviewed de novo. Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  If a trial court lacks jurisdiction over some
claims but not others, the trial court should dismiss those claims over which
it does not have subject matter jurisdiction but retain those claims over which
it does.  See Thomas v. Long,
207 S.W.3d 334, 339 (Tex. 2006).  When a
conclusion of law is erroneous, but the trial court rendered the proper
judgment, the erroneous conclusion of law does not require reversal.  BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 794 (Tex. 2002).

            When a plea to the jurisdiction
challenges the pleadings, we determine if the pleader has alleged facts that
affirmatively demonstrate the trial court’s jurisdiction to hear the cause.  See Miranda, 133 S.W.3d
at 226.  We construe the pleadings
liberally in favor of the nonmovant and look to the nonmovant’s intent.  See id.  If the pleadings do not contain sufficient
facts to affirmatively demonstrate the trial court’s jurisdiction but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the nonmovant should be afforded the opportunity to
amend.  Id. at 226-27.  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction should be granted
without allowing the nonmovant an opportunity to amend.  Id. at 227.








            If a plea to the jurisdiction
challenges the existence of the jurisdictional facts pleaded, we consider
relevant evidence submitted by the parties where necessary to resolve the
jurisdictional issues raised, as the trial court is required to do.  See id.  When the consideration of a trial court’s
subject matter jurisdiction requires the examination of evidence, the trial
court exercises its discretion in deciding whether the jurisdictional
determination should be made at a preliminary hearing or await a fuller
development of the case, mindful that this determination must be made as soon
as practicable.  Id.  In a case in which the jurisdictional
challenge implicates the merits of the nonmovant’s cause of action and the plea
to the jurisdiction includes evidence, the trial court reviews the relevant
evidence to determine if a fact issue exists. 
Id.  If the evidence
creates a fact question regarding the jurisdictional issue, then the trial
court cannot grant the plea to the jurisdiction, and the fact issue should be
left for trial.  Id. at
227-28.  However, if the
relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court should rule on the plea to the
jurisdiction as a matter of law.  Id.
at 228.  When reviewing a plea to
the jurisdiction in which the pleading requirement has been met and evidence
has been submitted to support the plea that implicates the merits of the case,
we take as true all evidence favorable to the nonmovant.  See id.  We indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor.  See id.

Discussion

            In order for the State’s immunity to
be waived and the trial court to have jurisdiction, a party must show that the
State has consented to suit.  See Travis
County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex.
2002).   Consent can be established by
statute, id., legislative resolution, id., or, in
very limited situations, by conduct.  See,
e.g., Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371,
376-77 (Tex. 2006) (When a city files a lawsuit for damages against a private
party, it sheds its sovereign immunity from suit for claims against it that are
“germane to, connected with and properly defensive to claims the [c]ity
asserts,” except for amounts which exceed the amounts necessary to offset the
city’s claims.); Tex. A & M Univ.-Kingsville v. Lawson, 87
S.W.3d 518, 518 (Tex. 2002) (When private party dismisses a pending lawsuit in
which sovereign immunity had been waived, and that dismissal was based upon a
settlement agreement with the governmental entity, the governmental entity
waived immunity to be sued for breach of the settlement agreement.).  








            Here, it is undisputed that the
Langleys did not have the legislature’s consent to sue.  Nor did the Langleys dismiss a pending
lawsuit pursuant to a settlement agreement. 
In their counterclaims, the Langleys alleged that the State made a
contract with them for relocation expenses. 
However, a governmental entity does not waive its sovereign immunity
from suit simply by contracting with a private party.  Pelzel & Assocs., 77 S.W.3d
at 248.  The Langleys’ relocation,
misrepresentation, and breach of contract claims were not germane to, connected
with, or properly defensive to the eminent domain claims brought by the
State.  Instead, these matters were
wholly separate from that proceeding.  See
Gen. Servs. Comm’n v. Little-Tex Insulation Co., Inc., 39 S.W.3d
591, 599 (Tex. 2001) (“The State, in acting within a color of right to take or
withhold property in a contractual situation, is acting akin to a private
citizen and not under any sovereign powers. 
In this situation, the State does not have the intent to take under its
eminent domain powers; the State only has an intent to act within the scope of
the contract.”); Luby v. City of Dallas, 396 S.W.2d 192, 198
(Tex. Civ. App.–Dallas 1965, writ ref’d n.r.e.) (“It is also well settled
that[,] in determining [the] value [of property in an eminent domain
proceeding,] no consideration should be given to . . . personal property on the
premises, or the expense of moving such personal property.  These things are held to be immaterial and
inadmissible as shedding no light on the value of the real property being
condemned.”).

            The State created an administrative
proceeding that could have provided the Langleys with compensation for their
relocation expenses.  See Tex. Prop. Code Ann. § 21.046 (Vernon
2000) (providing authority for a department or agency of the State to establish
a relocation advisory service); 43 Tex.
Admin. Code §§ 21.111-118 (West, Westlaw, current through the date of
this opinion) (Tex. Dep’t of Transp., Relocation Assistance & Benefits)
(creating service to compensate parties for relocation expenses).  By implementing such a system to compensate
for relocation expenses, the State has provided what facially appears to be a
fair system allowing reasonable compensation for these expenses.  See id.  With such a system in place, it would be
inappropriate for us to hold that the State waived its sovereign immunity from
suit by its conduct, the alleged misrepresentations and breach of contract.  See Tex. Natural Res. Conservation Comm’n
v. IT-Davy, 74 S.W.3d 849, 861 (Tex. 2002) (Hecht, J., concurring)
(stating that, where the State enters into a contract, accepts a benefit under
the contract, and then refuses to pay the agreed price for the benefit, the
State has still not waived sovereign immunity from suit by its conduct unless
it has “chiseled a [party] just because it could get away with doing so.”).  We thus examine whether the Langleys can
demonstrate consent to the suit through statute.

            The Langleys assert a waiver of
immunity pursuant to section 21.043(a) of the Texas Property Code.  Where applicable, section 21.043(a) is a
sufficiently clear waiver of sovereign immunity.[4]








  See id.  Section 21.043(a) does not expressly
authorize damages for misrepresentation or breach of contract claims.  See id. 
Instead, it authorizes, on a limited basis, suits for relocation
expenses.  See id.  “[F]or the Legislature to waive sovereign
immunity [by enacting a statute], it must do so by clear and unambiguous
language.”  Univ. of Tex. Med.
Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex. 1994).  Section 21.043(a) includes no such language
relating to misrepresentation or breach of contract claims.  Accordingly, we hold that section 21.043(a)
does not waive the State’s sovereign immunity from suit regarding these claims.

            Section 21.043(a) does, however,
authorize claims for relocation expenses. 
However, section 21.043(a) provides a cause of action for relocation
expenses only where the property owner “is not entitled to reimbursement . . .
under another law.”  Section 21.046 of
the Texas Property Code provides authority for a department or agency of the
state to establish a relocation advisory service. Tex. Prop. Code § 21.046(b). 
Pursuant to section 21.046(b), such a relocation advisory service, as a
cost of acquiring real property, may pay relocation expenses where the personal
property of a property owner’s business is displaced.  Id.  As authorized by section 21.046, the Texas
Department of Transportation established a relocation assistance and benefits
program.  See 43 Tex. Admin. Code §§ 21.111-118. 

            According to the wording of section
21.043(a), the issue is whether the Langleys were entitled to relocation
expenses under another law.  Under the
Department of Transportation’s relocation assistance and benefits program, the
Langleys were entitled to relocation expenses. 
Because they were so entitled, section 21.043(a) does not apply, and
thus, it cannot serve as a basis for the trial court’s jurisdiction.  Further, our review uncovered no other
statutory expression of consent to a cause of action for relocation expenses.

            While the Langleys were still
entitled to pursue the rights of a condemnee, their first, second, and third
counterclaims were barred by sovereign immunity.  Generally, the proper remedy when a court
lacks subject matter jurisdiction is to dismiss the case without prejudice, but
when a dispositive defect cannot be remedied, dismissal with prejudice is
proper.  See Hickman v.
Adams, 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.]
2000, no pet.).  The Langleys’ pleadings
affirmatively negate the existence of subject matter jurisdiction.  See Miranda, 133 S.W.3d at
227.  Therefore, the trial court erred by
denying the State’s plea to the jurisdiction. 
Instead, the trial court should have granted the plea and dismissed
these counterclaims with prejudice. 
Accordingly, we sustain the State’s first issue.  Because this issue is dispositive, we do not
address the State’s second and third issues.  See Tex.
R. App. P. 47.1.

 

Disposition

            Because
the trial court erred in denying the State’s plea to the jurisdiction, we reverse
and render judgment granting the plea to the jurisdiction
and dismissing for want of jurisdiction, with prejudice, the Langleys’ counterclaims
against the State for relocation expenses, misrepresentation, and breach of
contract.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion delivered August 22, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











    
[1] This counterclaim is not
stated in the counterclaim section of the Langleys’ answer.  Instead, it is stated in the preceding
paragraph that falls within the body of their answer proper.  Because both the counterclaim and answer are
part of one continuous document, and because we are to construe the pleadings
liberally in favor of the Langleys, we have treated their request for
relocation expenses as a counterclaim.  See
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).





     [2] Neither party has addressed in their briefing whether
a non-DTPA cause of action for misrepresentation exists.  Because the issue is not dispositive, we will
assume, without deciding, that such a cause of action exists.





    
[3] We have
jurisdiction of this interlocutory appeal. 
See Tex. Civ. Prac. & Rem. Code Ann. §
51.014 (Vernon Supp. 2006) (“A [party] may appeal from an interlocutory order
of a [trial court] that . . . grants or denies a plea to the jurisdiction by a
governmental unit . . . .”).

 





    
[4] Section 21.043(a)
reads as follows:

 

                A property owner who is
permanently physically displaced from the property owner’s dwelling or place of
business and who is not entitled to reimbursement for moving expenses under another
law may recover, in addition to the property owner’s other damages, the
reasonable expenses of moving the property owner’s personal property from the
dwelling or place of business.