**EVANS PRESCRIPTION PHARMACY, INC., Appellant,**

v.

**COUNTY OF ECTOR, Appellee.**

No. 6489.

Court of Civil Appeals of Texas, El Paso.

March 3, 1976.

Rehearing Denied March 31, 1976.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Ray C. Stoker, Jr., Fred M. "Mickey" Jones, Tryon D. Lewis, Odessa, for appellant.

Royal Caswell, Joseph V. Gibson, III, Odessa, for appellee.

OPINION

OSBORN, Justice.

This is an appeal from a Declaratory Judgment in a case involving a condemnation clause in a lease agreement. We affirm the trial Court's judgment that the lessee is not entitled to recover damages for loss of its leasehold estate.

In July, 1972, the owners of a commercial building in Odessa, Texas, entered into a lease agreement with Evans Prescription Pharmacy, Inc., for said building for a ten-year period beginning September 1, 1972. Paragraph 15 of the lease provided:

"Should the leased property be taken by right of eminent domain, the lease shall be terminated."

The parties filed an Agreed Statement of Facts in which it is acknowledged that after the lease was executed, Ector County condemned the tract of land covered by the aforementioned lease agreement for purposes of expansion of Medical Center Hospital. The County settled with the fee owners of the property and agreed on the value of the leasehold estate, but contend that under Paragraph 15 of the lease agreement, Evans Pharmacy is not entitled to recover any sum for its leasehold interest. The County did pay the lessee for moving expenses and damages to trade fixtures.

By a single point of error, the Appellant contends that the trial Court erred in construing the lease clause so as to preclude payment for the taking of the leasehold interest.

The general rule is set forth in Nichols, The Law of Eminent Domain, Vol. 2, Sec. 5.23(2) as follows:

"It has become customarily in drawing leases of valuable city property to insert a so-called 'condemnation clause—a provision that, upon the taking by eminent domain of the whole or part of the prem-

ises leased, the term shall come to an end. Under such a lease the tenant has no estate or interest in the property remaining after the taking to sustain a claim for compensation although under some circumstances he may be entitled to recover for removal expenses, fixtures or other improvements."

The leading case is *United States of America v. Petty Motor Company,* 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729 (1946). In that case, the Court reviewed the rights of several tenants in condemnation proceedings where the United States had already taken over the lessor's interest in the property which the tenants occupied. The lease of Independent Pneumatic Tool Company included a termination clause in the event of condemnation. Certainly, the clause was much broader than the one before this Court. But, in that case, the Court said:

" * * * We are dealing here with a clause for automatic termination of the lease on a taking of property for public use by governmental authority. With this type of clause, at least in the absence of a contrary state rule, the tenant has no right which persists beyond the taking and can be entitled to nothing."

Following that opinion, the Court in *Fort Worth Concrete Company v. State,* 416 S.W.2d 518 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n. r. e.), said:

"A tenant whose lease provides for its termination upon the taking of the leased premises for a public use, is entitled to no compensation when it is condemned."

Other courts have generally followed this same rule.[1] In *Capitol Monument Co. v. State Capitol Grounds Commission,* 220 Ark. 946, 251 S.W.2d 473 (1952), the Court had before it a clause which stated: "In the event the State of Arkansas desires to purchase the property herein leased to be added to the State Capitol grounds it is agreed that the lease shall be terminated as of the time the State takes possession of said property." In passing upon the question of

whether a tenant was entitled to recover for a leasehold interest, the Court said:

"In the absence of any contract provision to the contrary, a tenant for years is ordinarily entitled to share in the compensation when the leased property is taken by eminent domain during the terms of the lease. See 18 Am.Jur. 865, and cases and authorities there cited. But, when the lease, under which the tenant holds, provides that the lease will be terminated by eminent domain proceedings, then the tenant is not entitled to compensation for the taking of the property."

In *R & R Welding Supply Company v. City of Des Moines,* 256 Iowa 973, 129 N.W.2d 666 (1964), the Court had before it, in a case involving a leasehold interest, a clause which provided: "If the leased premises shall be wholly taken under eminent domain, then this lease shall terminate from the day the possession of the premises shall be required under the exercise of such power of eminent domain." The Court concluded that the intention of the parties was clearly expressed by their written contract and that they provided for termination of the leasehold interest upon condemnation. The Court noted that compensation can only be allowed when there is a taking of a compensable interest and concluded that since there was no leasehold interest after the exercise of the right of eminent domain, the lessee had no compensable interest.

The same result was reached by the Court in *Waesche v. Redevelopment Agency of the City of New London,* 155 Conn. 44, 229 A.2d 352 (1967). In commenting upon a clause which terminated the lease if the premises were condemned for public use, the Court said:

"Such a provision is not uncommon, and its validity has been generally upheld. Its effect is automatically to terminate the leasehold interest as of the date of taking and thus to destroy any right which the tenant would have, but for the

1. Also see: *County of McLennan v. Shinault,* 302 S.W.2d 728 (Tex.Civ.App.—Waco 1957, no writ) footnote 1; Rayburn, Texas Law of Condemnation, § 47(3)–47(8) (1960).

automatic termination clause, to compensation for the destruction of the unexpired portion of its leasehold."

Having concluded that the parties in this case contracted for the termination of the leasehold interest upon the exercise of the right of eminent domain, the lessee had no interest which was compensable, and we therefore overrule Appellant's Point of Error.

The judgment of the trial Court is affirmed.