**NORMAN'S, INC., Appellant,**

v.

**George WISE and the City of Beaumont, Appellees.**

**No. 09–87–137 CV.**

Court of Appeals of Texas, Beaumont.

March 3, 1988.

Rehearing Denied March 24, 1988.

Eddie R. Schroeder, Beaumont, for appellant.

Floyd A. Landrey and Brack Jones, Jr., Moore, Landrey, Garth & Jones, Beaumont, for appellees.

OPINION

BROOKSHIRE, Justice.

This litigation initially arose when The City of Beaumont condemned a right-of-way over a small part of a city lot. The right-of-way was some 18.9 feet wide. Later, a Petition for Declaratory Judgment was filed by Norman's, Inc., to have its entire lease with George Wise, Appellee, declared as finally and totally terminated. The proceeding on the Petition for Declaratory Judgment was a Bench trial.

The Bench's decision was that the lease was not terminated. The terminology used by the Court was the lease: "shall not be disturbed". The two crucial, paramount

paragraphs in the lease agreement are as follows:

"*Lease Property One:*

"All of the bottom, or ground floor, store space and mezzanine located in the two story Wilson Building on Lot One Hundred One (101) in Block No. Sixteen (16) of the Old Town of Beaumont; save and except therefrom the store space approximately 20 feet in width adjoining alley on the North, now occupied by Sandwich Shop; except there is reserved to LESSOR, his heirs and assigns, after the expiration of one (1) year from the date of this lease, the option and right to install an elevator to the second floor of the building in which the leased premises are located, and to use a space approximately ten (10') feet on Pearl Street and Thirty [sic] (30') feet on Crockett Street on the ground floor and mezzanine of the leased premises, for the location of said elevator, and the cost of installation and remodeling the store space required for such installation, shall be borne by the LESSOR.

"*Lease Property Two: (Parking Lot Space)*

"That part of Lot 91, Block 15 of the Town of Beaumont, owned by LESSOR and under fence dividing said Lot 91, Block 15 from Lot 90, Block 15 of the Town of Beaumont."

. . . .

"13. CONDEMNATION:

"It is specially understood and agreed by and between LESSOR and LESSEE that in the event the demised premises are dondemned [sic] for public use by any governmental agency, or other entity with the power of condemnation, this lease shall cease and terminate and be of no further force and effect, and LESSEE shall have no claim or demand of any kind or character in and to any award made to LESSOR by reason of such condemnation."

It is important to note that Lease Property One is separated by Crockett Street from Lease Property Two. These separated, leased properties give important emphasis to the phrase "in the event the *demised premises are dondemned [sic] for public use . . .*" North of Crockett Street, Norman's, Inc., conducted a retail business known as "George Wilson's Clothing Store". No portion of the clothing store or the land upon which it was situated was affected by the condemnation. The 18.9-foot strip was taken from a parking lot located across, and south of, Crockett Street from the clothing store's place of business. Clearly, the Norman's, Inc.— George Wise lease agreement referred to, covered and *leased two separate tracts of land; one of which was, simply, George Wilson's Clothing Store, conducting a retail sales business and the other tract of land, which was separated by Crockett Street, was a parking lot.* The parking lot is referred to in the record as Lot 91.

It is noteworthy that the evidence clearly established that Norman's Inc., had been also utilizing and actually collecting monthly parking space rentals on the adjacent lot, being Lot 90, which was not included in the original terms of the lease agreement. This Lot 90 was also used for parking for the customers of George Wilson's. We conclude that the lease is clear and unambiguous.

It is glaringly clear that this condemnation was a partial taking and, indeed, a modest or small partial taking. After analyzing the record before us and reviewing the map or plat exhibits, we conclude that the controlling issue before the Bench trial below was: Does the condemnation clause in the lease, reading in relevant, governing part, thusly:

"[I]n the event the demised premises are dondemned [sic] . . . this lease shall cease and terminate. . . ."

require an automatic, total and final termination of the lease agreement, when only a small strip or portion—about 18.9 feet wide—of Lot 91, Block 15, of The Town of Beaumont, is condemned? We answer in the negative. For Norman's, Inc.'s contentions to prevail, the termination clause would have necessarily had to have had additional language and should have been written in substantially this form:

"[In] the event the demised premises, *or any part thereof,* is condemned ... this lease shall cease and terminate and be of no further force and effect...."

But the written lease agreement before us does not contain this necessary, additional clause. Neither party before us contends that the lease agreement or the condemnation clause is ambiguous. Indeed, they are not. The undisputed fact that there are two separate tracts leased, and that they are separated by a street, make our construction of the lease agreement, we opine, the correct one.

Further, there was evidence of substantial, probative force before the trial bench that Norman's, Inc., was not damaged by the taking because of Norman's, Inc.'s use of additional portions of Lot 90, for additional parking lot spaces.

In *2 Nichols', The Law of Eminent Domain, Sec. 5.06 (2),* (3rd ed.1985), we find this proposition:

"It has been held that the law does not look with favor on clauses causing forfeiture of the lessee's interest on condemnation, hence, a lease covenant will be construed not to have that effect if its language and the circumstances possibly permit."

Both the language of this lease agreement and the circumstances of this case certainly not only permit, but, when properly construed, as did the trial judge, disallow a forfeiture or termination of the lease. *See Ervay, Inc. v. Wood,* 373 S.W.2d 380 (Tex. Civ.App.—Dallas 1963, writ ref'd n.r.e.).

Our case is meaningfully different and distinguishable from *J.R. Skillern, Inc. v. Levison.* 591 S.W.2d 598, 599 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.), wherein the court dealt with a lease reading:

"15th. If the whole or any substantial part of the demised premises should be taken ... Lease shall, at the option of the Landlord, terminate...."

In *Skillern, supra,* the written lease agreement specifically provided that *if any substantial part was taken,* the lease would terminate, but at the option of the landlord. This is not the case subjudice. *Skillern*

was *a total taking of the leasehold estate by condemnation* which, necessarily, resulted in the termination of that lease.

Under our law, it is well established that the parties have the right to contract for the termination of a lease in the event of condemnation. *Evans Prescription Pharmacy v. Cty. of Ector,* 535 S.W.2d 704 (Tex.Civ.App.—El Paso 1976, writ ref'd). And, of course, the parties have *freedom of contract* in this regard. Clearly, the parties here had a right to contract, as they did, and provide that the lease would terminate when the "demised premises" were condemned for public use. Hence, we are of the opinion that the action of the Bench was right.

Furthermore, there were no findings of fact or conclusions of law requested or filed.

In *Elliott v. Joseph,* 163 Tex. 71, 351 S.W.2d 879, 881 (1961), the court wrote:

"We now come to a consideration of the question of law presented here, namely, when there is a partial taking of a leasehold estate by condemnation and the remaining portion is susceptible of occupation whether or not the contractual monthly rental is to be abated pro tanto for the part taken during the remainder of the time of the lease. Although many courts in other jurisdictions have considered and passed upon this problem and a number of able text writers have expressed their views, we find that the question has not been decided by the Texas courts. A review of the authorities reveals that a large majority of these decisions hold that the rentals are not abated in this situation, *but rather the tenant is obligated to continue the payment of the rentals provided in the lease contract and must look to an apportionment of the damages assessed against the condemning authority based on the reduced value of his lease.* We are inclined to follow the majority concept." (Emphasis ours)

Norman's, Inc., did not seek an apportionment of damages against the condemning authority.

Without any findings of fact or conclusions of law, either requested or filed, before us, the judgment of the court below must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *In the Interest of W.E.R.*, 669 S.W.2d 716 (Tex.1984). We find overwhelming support in the evidence on the legal theory that the lease was not terminated and the rents not abated, based on a partial or even minuscule taking, applying the proper construction of the written lease agreement. *Elliott v. Joseph, supra.*

We deem the trial judge did make an interpretation of the lease agreement and did declare the right or rights of Norman's, Inc., adhering to the rationale and holding in *Elliott v. Joseph, supra.* Furthermore, the trial court declared and decreed that: "All relief not expressly granted herein is hereby denied", this being the final sentence in the body of the order. It is significant to point out that this declaration and decree was approved, without limitation, by Honorable Floyd Landrey, Attorney for George Wise, and Honorable Eddie R. Schroeder, Attorney for Norman's, Inc.

Norman's, Inc., pleaded, alternatively, for an award of damages in the event that the trial court failed to find that the lease was terminated. But we fail to find any evidence offered by Norman's, Inc., on the damage issue.

Appellant's points of error are all overruled. The judgment of the trial court is upheld and affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. I would reverse and remand under points of error one through three. These points of error complain of a modification of the lease agreement by the trial court. The majority states there are no findings of fact or conclusions of law filed. While this is technically true, the judge did state the following:

THE COURT: All right. Well, gentlemen, the court is going to give you the decision right now one, two three. But first let me tell you this. Norman's, of course, leased all of the premises, and now if Norman's, Incorporated no longer has all of the lease premises but something less, then it should not be bound in the same manner as if it had all of the premises, like they had before.

But, number one, the court is not going to disturb the lease.

Number two, I am telling you now that permissive use of Lot number 90 is a factor in the Court's decision.

And, number three, if circumstances change at all, then the Court is going to take another look at this upon proper application of any party.

And as to attorney's fees, the Court is going to rule that each party pay its own attorney's fees.

He then incorporated into the final order the following:

THE COURT FINDS that NORMAN'S, INC. contracted to lease all of the demised premises; that if NORMAN'S, INC. now has something less, that it should not be bound in the same manner; that GEORGE WISE has allowed permissive use of Lot 90, Block 15 of the Town of Beaumont to NORMAN'S INC. as a parking lot;

IT IS THEREFORE DECLARED, ORDERED, ADJUDGED, AND DECREED that the lease between NORMAN'S INC., Intervenor and GEORGE WISE, Defendant, shall not be disturbed by the Court, so long as the said GEORGE WISE continues to provide the use as a parking lot, of Lot 90, Block 15 of the Town of Beaumont to NORMAN'S, INC.

It is apparent that the trial judge took into consideration the fact that appellee was allowing appellant the use of some property not mentioned in the original lease. Appellant had alternate pleadings which prayed for damages if the lease was not terminated. This aspect of the case has not been determined.

I would agree with the majority that the trial court was correct in refusing to hold that the lease had been terminated because of the partial condemnation. I disagree

with the affirmance and would sustain appellant's contentions regarding the trial court's modification of the lease. The purpose of declaratory relief is to obtain an interpretation of the contract and a decree in such a case may provide only for a determination of the purpose intended by the instrument and not a modification of its terms. *Emmco Ins. Co. v. Burrows,* 419 S.W.2d 665, 670 (Tex.Civ.App.—Tyler 1967, no writ). The decree affirmed by the majority modifies the original lease. It is therefore erroneous and requires a reversal. I would reverse and remand. Because the majority fails to do so, I must respectfully dissent.