**TEXACO REFINING AND MARKETING, INC.,**
Appellant,

v.

**The CROWN PLAZA GROUP, a Texas Joint Venture a/k/a the Crown Plaza Group, a Joint Venture a/k/a Crown Plaza Group, Crown Equities Co., Inc., Individually and as a Joint Venturer and Partner of Crown Plaza Group, a Texas Joint Venture, Crown Towers Co., Inc., Individually and as a Joint Venturer and Partner of Crown Plaza Group, a Texas Joint Venture, Appellees.**

No. 01-91-00885-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 3, 1992.

Rehearing Denied Dec. 31, 1992.

James J. McConn, Jr., Susan C. Stevenson, Hays, McConn, Price & Pickering, Houston, for appellant.

William H. White, Margaret A. Pollard, William H. White & Associates, Houston, for appellee.

Before COHEN, SAM BASS and JONES, JJ.

## OPINION

COHEN, Justice.

This is a dispute between a landlord (Crown) and a tenant (Texaco) over proceeds of a partial condemnation that occurred during the lease. The parties stipulated that Texaco's interest, if any, in the condemnation award is $385,000. The sole issue is whether Texaco had an interest in the award. Crown asserts that, as a matter of law, Texaco has no interest in the award. The trial judge agreed and granted Crown declaratory judgment relief, ruling that Texaco take nothing. We reverse and render judgment that Texaco recover $385,-000.

In 1972, H.A. Morris leased to Texaco, Inc. 22,500 feet of land at Interstate 10 and West Belt Drive at $975.00 per month for 15 years, with options to renew for two additional five-year terms. Morris later sold the property to Crown. Texaco, our appellant, is the successor in interest to Texaco, Inc.

On January 30, 1987, the condemnation award was filed in the county court. On February 2, 1987, Texaco exercised its option to extend for five years after the initial lease term expired on June 12, 1987, and reserved the right to exercise any further options. After June 12, 1987, Texaco tendered monthly rent to Crown, but Crown refused it, asserting the lease terminated on February 11, 1987, when Harris County became entitled to possession of the land.

Crown's contention was based on the stipulated fact that the remaining property was too small for a gas station. Texaco contended that was irrelevant because the property's suitability for a gas station did not effect either Texaco's right to exercise its option to extend or its right to recover for loss of its lease.

Crown argued at trial that the only issue was whether the lease had automatically terminated according to its terms when its purpose was destroyed by the condemnation, thereby terminating Texaco's right to compensation. At trial, the parties agreed that all material facts were undisputed. The judge ruled for Crown and filed no findings of fact or conclusions of law.

In three points of error, Texaco contends:

1) The trial judge erred in ruling for Crown because, under the lease terms, the partial taking did not automatically terminate the lease or extinguish Texaco's right to part of the condemnation award.

2) The trial judge erred in ruling for Crown because Texaco is entitled to part of the condemnation award for the loss of its leasehold interest.

3) The trial judge erred in ruling for Crown because Texaco, as the lessee under an unexpired lease, should be

compensated upon a partial taking for loss of its right to renew the lease. We sustain all three points of error.

A lessee is entitled, as a matter of law, to share in a condemnation award when part of its leasehold interest is lost by condemnation. *Elliot v. Joseph,* 163 Tex. 71, 351 S.W.2d 879, 883–84 (1961). Unless a lease provides that it terminates upon condemnation, the tenant will recover compensation for the unexpired term. *Evans Prescription Pharmacy, Inc. v. County of Ector,* 535 S.W.2d 704, 705 (Tex.Civ. App.—El Paso 1976, writ ref'd). But if a lease provides that it terminates upon condemnation, the lessee has no interest in the condemnation award. *Id.* Thus, Texaco had a right to part of the condemnation award, unless it waived that right in the lease or elsewhere. This is "fundamental" Texas law. *Colley v. Carleton,* 571 S.W.2d 572, 574 (Tex.Civ.App.—Corpus Christi 1978, no writ).

The only lease provision mentioning condemnation provided:

**Lessee's right of termination**

If, during the term of this lease, a part only of said premises be taken for public use under right of eminent domain, and if the remainder, in the opinion of the lessee, is not suitable for its purpose, lessee, at its option, may cancel and terminate this lease, but if it shall not elect so to do, the monthly rental thereafter to be paid shall be reduced by an amount which bears the same ratio to that herein provided for as the area taken bears to the total area prior to such taking.

This provision does not terminate the lease upon condemnation. It does not give Crown any right to terminate. It provides for termination at Texaco's sole option, and Texaco chose to extend the lease, not to cancel it. The provision does not waive Texaco's right to compensation. The lease does not state that it terminates automatically if the property can no longer be used as a gas station. The quoted provision simply gives Texaco the right to terminate the lease or to pay reduced rent after a partial taking, at its option. We conclude that a lessee's right to share a condemnation award with the owner exists as a matter of law, *Urban Renewal Agency v. Trammel,* 407 S.W.2d 773, 774 (Tex.1966), and Texaco has not given up that right. *See State v. LaBarre,* 255 Minn. 309, 96 N.W.2d 642, 647–48 (1959).

Crown contends Texaco acted in bad faith by tendering rent and by exercising its renewal option for a premises it admits is too small to use as a gas station. We hold that Texaco did not act in bad faith by tendering the rent or by exercising its contractual right to renew. It bargained for these rights and was entitled to receive them. Moreover, Texaco had no duty to Crown to act in good faith in an ordinary commercial contract where there is no special relationship between the parties. *English v. Fischer,* 660 S.W.2d 521, 522 (Tex.1983).

Points of error one, two, and three are sustained.

The trial court's judgment is reversed, and judgment is rendered that Texaco recover the stipulated value of its leasehold interest, $385,000.

JONES, J., not participating.