629 A.2d 259

**AMOCO OIL COMPANY, Alice C. Weiss**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1993.

Decided July 19, 1993.

---

Jeffrey L. Giltenboth, Sr. Asst. Counsel, for appellant.

Charles E. Gutshall, for appellee.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals an order of the Court of Common Pleas of Allegheny County, denying DOT's appeal from a decision of the Allegheny County Board of Viewers (Viewers). The decision of the Viewers granted Amoco Oil Company (Amoco) damages, pursuant to the Eminent Domain Code (Code),[1] for the condemnation of a portion of their leasehold property. We affirm.

In 1954, Amoco entered into a lease with Ms. Alice Weiss (Ms. Weiss) to rent property located at 8140 Ohio River Boulevard in Emsworth, for the purpose of operating a gasoline service station. Amoco and Ms. Weiss continuously renewed the lease and in 1988 extended the lease through the year 2005.

Paragraph 12 of the lease agreement between Amoco and Ms. Weiss provides the following:

12. It is further covenanted and agreed that in the event of any change in grade of any adjoining streets, alleys or highways, or the condemnation of the whole or any part of the demised premises, LESSEE may, in the event it shall deem that the demised premises, or such portion thereof as shall remain after such condemnation, is not suitable for the purposes of a gasoline filling and service station, *at its option,* terminate this lease, or LESSEE may continue in possession of the remaining portion of the demised premises, in which event there shall be a proportionate reduction in rental in the same ratio as the area taken shall bear to the entire area included in this demise; *and in addition to*

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903.

*the foregoing, LESSEE shall have any and all right or rights of action for all damages which may accrue to it against any person, firm or corporation by reason of any condemnation or other taking of the demised premises or any part thereof.*

(3a) (emphasis added).

In December 1990, DOT informed Amoco of its plan to condemn a portion of the lease property. After receiving such notice Amoco evaluated its situation and determined that, pursuant to Emsworth's zoning regulations, once the portion of property was condemned, Amoco would no longer be able to legally operate its service station on the remaining land.

In January 1991, Amoco submitted a letter to Ms. Weiss setting forth its desire to exercise its option to terminate the lease effective July 1, 1991. There is no evidence in the record that Amoco sought or received any rent reduction.

On March 5, 1991, DOT filed a Declaration of Taking in accordance with Section 402 of the Code, 26 P.S. § 1–402,[2] condemning a portion of the lease property. Thereafter, Amoco filed a petition for the Appointment of Viewers to determine its damages under Section 502 of the Code, 26 P.S. § 1–502. On August 21, 1992, the Viewers issued a report awarding condemnation damages in the amount of $167,500.00, $131,000.00 of which was awarded to Amoco and $36,500.00 to Ms. Weiss.[3]

2. Section 402 provides in pertinent part:

(a) Condemnation, under the power of condemnation given by law to a condemnor, which shall not be enlarged or diminished hereby, shall be effected only by the filing in court of a declaration of taking, with such security as may be required under section 403(a), and thereupon the title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of such filing, and the condemnor shall be entitled to possession as provided in section 407. 26 P.S. § 1–402(a).

3. The viewers, in their report, found the following facts:

That at the time of the condemnation, there existed a valid lease between the owner [Ms. Weiss], and the Lessee Amoco Oil Company.

\* \* \* \*

That because of the actions of the Condemnor [DOT] in taking a portion of the leased premises, which ran along a public road, the

DOT, Amoco and Ms. Weiss appealed to the trial court. The sole question raised by Amoco and Ms. Weiss concerns the amount of the award. DOT's appeal alleged that because Amoco had no right to damages the court should determine their preliminary objection in accordance with Section 517 of the Code, 26 P.S. § 1–517.[4] After consideration of briefs filed and oral arguments, the trial court affirmed the viewers determination and dismissed DOT's appeal.

■ On appeal to this Court,[5] DOT contends that the trial court erred as a matter of law in affirming the viewers decision. Specifically DOT argues that Amoco had no standing to recover condemnation damages because:

the eligibility of a tenant to a portion of just compensation must fall within one of two categories. The first category being the bonus value approach where a total taking has occurred and the second category being a fair market value

lessee[ ], Amoco Oil Company . . ., were unable to continue to operate the service station on the subject property.
That the appropriation of the property by the condemnor [DOT] reduced the size of the service station area, restricted ingress and egress and so altered the subject property that it was not in compliance with the zoning code of the Borough of Emsworth as it related to service stations.

\* \* \* \*

That the taking of the condemnor [DOT] destroyed the leasehold interest of AMOCO OIL COMPANY in the subject property and prohibited the further use of property as a service station.
(3b, 4b).

4. Section 517 of the Code provides:
All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. The court may confirm, modify, change the report or refer it back to the same or other viewers. A decree confirming, modifying or changing the report shall constitute a final order.
26 P.S. § 1–517.

5. Our scope of review of a trial court's affirmance of a board of viewers is limited to a determination of the validity of the court's jurisdiction, regularity of proceedings, question of law and whether there has been abuse of discretion. *Appeal of Philadelphia Electric Co. (PECO)*, 135 Pa. Commonwealth Ct. 100, 580 A.2d 424 (1990), *appeal denied*, 528 Pa. 615, 596 A.2d 161 (1991).

approach in a partial taking where there is *no rent abatement clause* in the lease with the owner of the property.

(DOT's brief at 12) (emphasis in original).

■ DOT contends initially that because this is not a total taking Amoco has no right to condemnation damages under the first category. Further it argues that because Amoco was entitled to rent abatement pursuant to the condemnation clause in the lease agreement, if Amoco chose to continue in possession it would forfeit its right to condemnation damages. We do not agree. In the present case Amoco never sought any rent abatement and continued paying the entire rent through the termination of the lease.

In making such an allegation, DOT's interpretation fails to consider the specific language of the lease agreement. The condemnation clause of the lease agreement provides *in addition to* the lessee's right to terminate or continue in possession with rent abatement, that the lessee has the right to any damages arising from a condemnation. The lease in no way conditions Amoco's right to collect damages on whether or not they exercise these options.

■ In *Hawk Sales Co. v. Department of Transportation,* 38 Pa. Commonwealth Ct. 535, 394 A.2d 657 (1978), we held that in order to have standing to recover condemnation damages one must merely have a property interest at the time of the taking. The law clearly states that a leasehold interest is considered to be a property interest and the holder of such an interest is therefore entitled to just compensation for any whole or partial taking of his interest by eminent domain. *Graham Realty Co. v. Department of Transportation,* 67 Pa. Commonwealth Ct. 318, 447 A.2d 342 (1982).[6] Hence, the sole issue to be determined in the present case is whether Amoco

**6.** While no Pennsylvania case is on all fours with this case, courts in other jurisdictions have held that where a tenant has an option of termination or continued possession with rent abatement, the tenants' choice to continue possession after a condemnation is not a waiver of the tenants' right to condemnation damages. *See Texaco Refining and Marketing, Inc. v. Crown Plaza Group,* Tex., 845 S.W.2d 340 (1992).

was in possession of a valid leasehold at the time of the condemnation.

DOT asserts that because Amoco submitted its termination letter one and one-half months before DOT filed its Declaration of Taking, Amoco was not in possession of a valid leasehold at the time of the condemnation. Although in January 1991 Amoco gave Ms. Weiss notice of its plan to terminate the lease, the actual termination was not effective until July 1991, three months after DOT filed its Declaration of Taking. Therefore, it is clear that the viewers were correct in finding that a valid leasehold existed between Amoco and Ms. Weiss at the time of the condemnation and as a result, that Amoco had standing to recover all damages it incurred as a result of the taking.

Accordingly, we affirm the trial court's dismissal of DOT's appeal.

## ORDER

AND NOW, this 19th day of July, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.