Opinion issued May 17, 2007








 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00701-CV

____________


MOTIVA ENTERPRISES, LLC, Appellant


V.


AUDEEN MCCRABB, NORMA ANN EUTON, CONNIE MENDEZ, TOM
MENDEZ, KIRK MCCRABB, KATHY MCCRABB, SCOTT MCCRABB,
SARAH MCCRABB, JOSEPH MCCRABB, & REBECCA MCCRABB,
Appellees






On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 834,249






O P I N I O N

 In this condemnation proceeding, appellant, Motiva Enterprises, LLC
("Motiva"), challenges the trial court's summary judgment granted in favor of
appellees, Audeen McCrabb, Norma Ann Euton, Connie Mendez, Tom Mendez, Kirk
McCrabb, Kathy McCrabb, Scott McCrabb, Sarah McCrabb, Joseph McCrabb, and
Rebacca McCrabb ("the McCrabbs"), awarding the McCrabbs $304,000 for the value
of 7,677 square feet of land actually condemned. In its sole issue, Motiva contends
that the trial court erred in determining that Motiva did not have the right to recover
for its "lost leasehold" interest in the property.

 We affirm.

Factual and Procedural Background

 In 1971, Motiva, through Shell Oil Company, entered into a long-term ground
lease with the McCrabbs for the purpose of operating a gas station and convenience
store. Article 14 of the lease, in relevant part, provides,

If all of the Demised Premises shall be condemned or taken by lawful
authority or if such portion of the premises be so condemned or taken
making it unreasonable or imprudent to use the remaining portion for its
intended use, this lease shall terminate as of the date when possession
is required to be given in such condemnation. The rent shall be adjusted
to such date and all further rights and liabilities of the parties under this
lease shall terminate, except that Tenant shall be entitled to receive out
of the proceeds of such condemnation the amount attributed to any of
the following: buildings or other improvements installed on the Demised
Premises by Tenant; any damages to Tenant's personal property
resulting from said condemnation; removal or relocation costs of
Tenant's anticipated business proceeds lost to Tenant; or any special
damages of Tenant.


(emphasis added). 

 On behalf of the Texas Transportation Commission, the State filed a petition
to condemn and acquire 7,677 square feet of the 27,086 square foot tract of land,
owned by the McCrabbs and leased to Motiva, for the expansion of the Katy Freeway. 
The special commissioners appointed by the trial court in the condemnation
proceeding found the value of the condemned property to be $1,705,000, and the
State deposited that amount into the registry of the court on November 7, 2005, thus
establishing the date of the taking in this case. Motiva determined that the remaining
portion of the property was not suitable for continued use as a gas station and chose
to terminate the lease.

 Motiva and the McCrabbs both filed objections to the award of the special
commissioners, thus converting the case into a judicial proceeding. See Tex. Prop.
Code Ann. § 21.018 (Vernon 2004). The McCrabbs filed a cross-claim for
declaratory judgment, seeking a determination from the trial court that the lease
between the parties terminated by its own terms on November 7, 2005 and that
Motiva was not entitled to any additional compensation for its "leasehold
advantage." (1) Motiva filed a general denial and cross-claim against the McCrabbs,
seeking a declaration of its entitlement to compensation for its leasehold interest in
the property under article 14 of the lease.

 The parties then filed cross-motions for summary judgment. The trial court
denied Motiva's motion for summary judgment and rendered a final judgment in
favor of the McCrabbs. It concluded that Motiva owned the improvements to the land
and was entitled to recover the $1,401,000 of the compensation allocated for those
improvements, the McCrabbs were entitled to recover the remaining $304,000
allocated for the land, and Motiva was not entitled to any compensation for its
"leasehold advantage" under the terms of the lease.

Standard of Review

 To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there is no genuine issue of
material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). We may affirm a summary judgment only when the record shows that a
movant has disproved at least one element of each of the plaintiff's claims or has
established all of the elements of an affirmative defense as to each claim. Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). We must accept as true
evidence in favor of the nonmovant and indulge every reasonable inference and
resolve all doubts in favor of the nonmovant. Cathey, 900 S.W.2d at 341. A
summary judgment must stand or fall on the grounds expressly presented in the
motion. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). 
When both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review the summary judgment
evidence presented by both sides and determine all questions presented and render
the judgment that the trial court should have rendered. Tex. Workers' Comp. Comm'n
v. Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004).

"Special Damages"

 In its sole issue, Motiva argues that, based on its reservation of the right to
recover its "special damages," it is entitled to "recover its damages for its lost
leasehold," i.e., the market value of its leasehold interest in the property under the
ground lease. The McCrabbs argue that because Motiva's leasehold rights terminated
on November 7, 2005, Motiva is not entitled to compensation for future benefits
under the lease. They also assert that the general reference in the lease to "special
damages" in regard to Motiva's reserved rights upon the termination of the lease does
not overcome Motiva's specific, contractual relinquishment of its leasehold rights that
occurred upon condemnation.

 Under Texas law, parties have a right to contract for termination of a lease in
the event of condemnation. J.R. Skillern, Inc. v. leVison, 591 S.W.2d 598, 599 (Tex.
Civ. App.--Eastland 1979, writ ref'd n.r.e.). A lessee is entitled, as a matter of law,
to share in a condemnation award when part of its leasehold interest is lost by
condemnation. Texaco Ref. & Mktg., Inc. v. Crown Plaza Group, 845 S.W.2d 340,
342 (Tex. App.--Houston [1st Dist.] 1992, no writ). Unless a lease provides that it
terminates upon condemnation, the tenant will recover compensation for the
unexpired term. Id. But, if a lease provides that it terminates upon condemnation, the
lessee has no interest in the condemnation award. Id.; see also Fort Worth Concrete
Co. v. State, 416 S.W.2d 518, 521 (Tex. Civ. App.--Fort Worth 1967, writ ref'd
n.r.e.) ("A tenant whose lease provides for its termination upon the taking of the
leased premises for a public use, is entitled to no compensation when it is
condemned."). Thus, Motiva had a right to part of the condemnation award unless
it waived that right in the lease or elsewhere. See Texaco Ref. & Mktg., Inc., 845
S.W.2d at 342.

 In Texaco Refining & Marketing, Crown had leased to Texaco 22,500 feet of
land at $975 per month for fifteen years, with options to renew for two additional
five-year terms. Id. at 341. The lease provided that it was solely Texaco's option to
terminate the lease in the event of condemnation. Id. at 342. After the condemnation
award was filed in the county court, Texaco exercised its option to extend the lease
for five years and reserved the right to exercise any future options. Id. at 341. 
Thereafter, Texaco tendered monthly rent to Crown, but Crown refused it, contending
that the lease had terminated when Harris County became entitled to possession of
the land. Id. Crown's contention was based on the stipulated fact that the remaining
property was too small for a gas station. Id. Texaco asserted that the property's
suitability for a gas station did not affect either Texaco's right to exercise its option
to extend or its right to recover for loss of its lease. Id. This Court held that because
the lease did not automatically terminate upon condemnation and Texaco chose to
renew the lease, Texaco had the right to share in the condemnation award with Crown
as a matter of law and did not waive that right. See id. at 342.

 In Evans Prescription Pharmacy, Inc. v. County of Ector, the owners of a
commercial building in Odessa, Texas, had entered into a ten-year lease agreement
with a pharmacy. 535 S.W.2d 704, 704 (Tex. Civ. App.--El Paso 1976, writ ref'd). 
The lease provided that "[s]hould the leased property be taken by right of eminent
domain, the lease shall be terminated." Id. During the term of the lease, Ector
County condemned the tract of land subject to the lease for the purpose of expanding
a hospital. Id. The court held that because the parties had contracted for the
termination of the leasehold interest upon the exercise of the right of eminent domain,
the pharmacy did not have a compensable interest in the condemnation proceeding. 
See id. at 706.

 Texaco Refining & Marketing and Evans Prescription Pharmacy are illustrative
of two well-settled principles when dealing with a leasehold interest that has been
subjected to condemnation: (1) when a lease does not terminate upon condemnation,
unless a lessee has waived the right, a lessee has the right to share in the
condemnation award with the lessor; and (2) when a lease does automatically
terminate upon condemnation, a lessee has no compensable interest. See, e.g., Texaco
Ref. & Mktg., Inc., 845 S.W.2d at 342; Evans Prescription Pharmacy, Inc., 535
S.W.2d at 706.

 Here, the lease does not define the term "special damages." In construing a
written contract, the primary concern of the court is to ascertain the true intentions of
the parties as expressed in the instrument. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 662 (Tex. 2005); Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). To
achieve this objective, courts should examine and consider the entire writing in an
effort to harmonize and give effect to all the provisions of the contract so that none
will be rendered meaningless. Valence Operating Co., 164 S.W.3d at 662. Contract
terms are given their plain, ordinary, and generally accepted meanings unless the
contract itself shows them to be used in a technical or different sense. Id. No single
provision taken alone will be given controlling effect; rather, all the provisions must
be considered with reference to the whole instrument. Coker, 650 S.W.2d at 393.

 Motiva argues that "[b]ecause damages to a leasehold are 'special damages' in
a condemnation case as a matter of law, Motiva was entitled to recover its damages
for the reasonable value of its leasehold interest in the land." In other words, "all of
the damages to be paid by the State, including the proceeds attributable to the land
taken, are 'special damages' and would be subject to Motiva's reservation in the
ground lease." However, "special damages" is actually a term of art used in
condemnation proceedings.

 The Texas Constitution provides that "[n]o person's property shall be taken,
damaged or destroyed for or applied to public use without adequate compensation
being made." Tex. Const. art. I, § 17. However, not all condemnation damages are
compensable. Interstate Northborough P'ship v. State, 66 S.W.3d 213, 218 (Tex.
2001). Under the Texas Property Code, in estimating injury or benefit to a property
owner when a portion of a tract or parcel of real property is condemned, "the special
commissioners shall consider an injury or benefit that is peculiar to the property
owner and that relates to the property owner's ownership, use, or enjoyment of the
particular parcel of real property, but they may not consider an injury or benefit that
the property owner experiences in common with the general community." Tex. Prop.
Code Ann. § 21.042(d) (Vernon Supp. 2006). This section prohibits a court from
considering community benefit or community injury when assessing damages. 
Interstate Northborough P'ship, 66 S.W.3d at 219; State v. Schmidt, 867 S.W.2d 769,
780 (Tex. 1993). In determining whether damages are "community" or "special," it
is the nature of the injury and whether it affects the remainder in some special, unique
way. Interstate Northborough P'ship, 66 S.W.3d at 222.

 In contrast, under the common law, actual damages can either be "direct
damages," also known as "general damages," which compensate for the loss, damage,
or injury conclusively presumed to have been foreseen or contemplated by a party as
a consequence of a breach of contract or wrongful act, or "consequential damages,"
also known as "special damages," which result naturally, but not necessarily, from the
acts complained of. See Henry S. Miller Co. v. Bynum, 836 S.W.2d 160, 163 (Tex.
1992) (Phillips, C.J., concurring).

 Motiva argues that damages to its leasehold, or "leasehold advantage," are
"special damages as that term is understood under the common law" because
"damages to a leasehold . . . are distinct from these 'general damages' that typically
result from a condemnation," such as the damages to a fee owner for the taking of his
property. However, Motiva does not cite any authority suggesting that the inclusion
in a lease agreement of the phrase "special damages" in regard to reserved rights upon
termination of a lease entitles a lessee to recover from a lessor its lost future
"leasehold advantage" after the lease is terminated.

 Here, the lease agreement specifically provided that the lease itself would
"terminate as of the date when possession is required to be given" in condemnation. 
Because the lease automatically terminated upon condemnation, Motiva had no
compensable interest in regard to the termination of the lease. See Texaco Ref. &
Mktg., Inc., 845 S.W.2d at 342; Evans Prescription Pharmacy, Inc., 535 S.W.2d at
706. Motiva's construction of the term "special damages" in reference to its reserved
rights upon termination of the lease conflicts with the specific language in the lease
providing that it actually terminated upon condemnation. Because the lease itself
actually terminated upon condemnation, Motiva, as a matter of law, was not entitled
to recover any damages for its "lost leasehold." Accordingly, we hold that the trial
court did not err in rendering judgment that Motiva was not entitled to any
compensation for its "leasehold advantage" under the terms of the lease.

 We overrule Motiva's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.
1. Motiva refers to the difference between the contract rent that it was required to pay
under the ground lease and the market value of the lease as its "leasehold advantage."